[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13646
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00464-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY LYNN EADY,
a.k.a. Edo,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 3, 2010)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Terry Lynn Eady appeals from the district court's order finding that he was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses. On appeal, he argues that the district court erred in concluding that he was not eligible for a sentence reduction based on its finding that he was responsible for at least 4.5 kilograms of crack cocaine. He asserts that, at his original sentencing hearing, the court found only that he was responsible for 1.5 kilograms or more of crack cocaine, and did not specify a greater drug quantity. Eady also argues that, even if he were responsible for at least 4.5 kilograms of crack cocaine, he was still eligible for a sentence reduction because the Sentencing Guidelines should be treated as advisory in § 3582(c)(2) proceedings.

For the reasons set forth below, we affirm.

## I.

In June 2007, Eady pled guilty to: (1) conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and a detectable quantity of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(iii), and (b)(1)(C) ("Count 1"); and (2) using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 ("Count 3").

2

Count 1 of the indictment alleged that Eady had participated in the conspiracy to distribute cocaine and crack cocaine along with nine other defendants, including Trinidad Hamilton.

In September 2007, the district court held a sentencing hearing regarding codefendant Hamilton. The court and the parties agreed that Hamilton was responsible for eight kilograms of crack cocaine. Specifically, the court stated, "[The] [c]ourt will make a finding of eight kilograms in this defendant's case. And you can refer to that in other sentencings."

According to Eady's presentence investigation report ("PSI"), he and his co-conspirators operated a drug trafficking scheme in which they converted powder cocaine into crack cocaine, and then delivered the crack cocaine to customers. Eady and Hamilton were responsible for converting powder cocaine into crack cocaine. The probation officer determined that each co-conspirator should be held responsible for the entire amount of crack cocaine distributed by the group because they were each part of a joint scheme to sell crack cocaine. The probation officer found that Eady was responsible for at least 1.5 kilograms of crack cocaine, which rendered a base offense level of 38 under the drug quantity table set forth in U.S.S.G. § 2D1.1(c). After reducing Eady's base offense level by three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), the officer

3

determined that Eady had a total offense level of 35 which, when combined with his criminal history category of VI, produced a guideline range of 292 to 365 months' imprisonment.

At his October 2007 sentencing hearing, Eady stated that he had no objections to the PSI, and the court adopted the PSI's factual findings and guideline applications. The parties and the court discussed the potential applicability of the pending crack-cocaine amendments to Eady's sentence. The government argued that these amendments would have no effect on Eady's sentence because the evidence introduced during the trial of several of his co-conspirators demonstrated that the group distributed over 4.5 kilograms of crack cocaine. Eady responded that he deferred to the government's version of the facts, stating that he was "not surprised" that the evidence indicated that he was responsible for 4.5 kilograms of crack cocaine. He further stated that, based on the government's version of the facts, he lost any argument that he was responsible for less than 4.5 kilograms of crack cocaine. He argued, however, that he could still be entitled to a lower sentence based on the Supreme Court's pending decision in *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). The court found that Eady was not entitled to any relief based on the pending crack-cocaine amendments or the issues pending before the Supreme Court in

4

*Kimbrough*. After reducing Eady's offense level for his substantial assistance to the government, the court sentenced him to 130 months' imprisonment as to Count 1, and a mandatory consecutive term of 7 years' imprisonment as to Count 3, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). Accordingly, Eady was sentenced to a total term of 214 months' imprisonment.

In March 2009, the district court *sua sponte* entered an order noting that Eady could be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Both the U.S. Probation Office and the government responded that Eady was not eligible for a sentence reduction because he was responsible for at least 4.5 kilograms of crack cocaine. The Probation Office and the government, however, cited different facts and arguments in support of their contentions that Eady's case involved 4.5 kilograms of crack cocaine.

The court entered an order finding that Eady was not eligible for a sentence reduction under § 3582(c)(2) and Amendment 706. The court explained that it found the responses filed by the government and probation to be persuasive, and incorporated these responses into its order.

### III.

"We review *de novo* a district court's conclusions about the scope of its legal

5

authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Even after the Supreme Court's decision in *Kimbrough*, a district court's discretion in a § 3582(c)(2) proceeding is limited by the Sentencing Commission's policy statements. *United States v. Melvin*, 556 F.3d 1190, 1192-94 (11th Cir.), *cert. denied*, 129 S.Ct. 2383 (2009).

Where a defendant's guideline range remains unchanged by Amendment 706 because his offense involved 4.5 kilograms or more of crack cocaine, a district court is not authorized to reduce the defendant's sentence under § 3582(c)(2). *Jones*, 548 F.3d at 1369. In a § 3582(c)(2) proceeding, a district court may rely on the undisputed factual findings set forth in the PSI used at the defendant's original sentencing. *United States v. Davis*, No. 08-16617, manuscript op. at 6 (11th Cir. Nov. 18, 2009). We may affirm a district court's decision based on any ground supported by the record. *United States v. Simmons*, 368 F.3d 1335, 1342 (11th Cir. 2004).

6

Here, the district court's reason for finding that Eady was not eligible for a sentence reduction is not clear. While the court incorporated the government's and the U.S. Probation Office's responses into its order denying relief, the government and the U.S. Probation Office relied on different facts and arguments in their responses, and the court's order does not indicate which of these arguments it found to be persuasive.

We, however, may still affirm the district court's order based on the record. During Hamilton's sentencing, the court found that the conspiracy involved eight kilograms of crack cocaine. In addition, at Eady's original sentencing, he did not object to the probation officer's recommendation that each co-conspirator be held responsible for the entire amount of crack cocaine involved in the conspiracy. As a result, the record shows that Eady was responsible for at least 4.5 kilograms of crack cocaine. Moreover, at his original sentencing, Eady conceded that the evidence showed that he was responsible for at least 4.5 kilograms of crack cocaine. Because Eady was responsible for at least 4.5 kilograms of crack cocaine, he was not eligible for a sentence reduction under § 3582(c)(2) and Amendment 706. Finally, Eady's argument that the district court had authority to reduce his sentence under an advisory Guideline system and *Kimbrough* is foreclosed by our

7

decision in *Melvin*.

**AFFIRMED.**