[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 4, 2010
JOHN LEY
CLERK

No. 09-13647
Non-Argument Calendar

_____

D. C. Docket No. 06-00464-CR-T-17-TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARNELL DEVON ELROD,
a.k.a. Nellie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 4, 2010)

Before EDMONDSON, BIRCH and FAY, Circuit Judges.

PER CURIAM:

Arnell Devon Elrod appeals from the district court's order finding that he was not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which retroactively reduced the base offense levels applicable to crack cocaine offenses. On appeal, he argues that the district court erred in concluding that he was not eligible for a sentence reduction based on its finding that he was responsible for at least 4.5 kilograms of crack cocaine. He asserts that, at his original sentencing hearing, the court found only that he was responsible for 1.5 kilograms or more of crack cocaine, and did not specify a greater drug quantity. Elrod also argues that, even if he were responsible for at least 4.5 kilograms of crack cocaine, he was still eligible for a sentence reduction because the Sentencing Guidelines should be treated as advisory in § 3582(c)(2) proceedings.

For the reasons set forth below, we affirm.

**I.**

In June 2007, Elrod pled guilty to: (1) conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and a detectable quantity of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(iii), and (b)(1)(C) ("Count 1"); and (2) using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2 ("Count 3").

Count 1 of the indictment alleged that the conspiracy to distribute cocaine and crack cocaine involved Elrod and nine other defendants, including Trinidad Hamilton.

In September 2007, the district court held a sentencing hearing regarding codefendant Hamilton. The court and the parties agreed that Hamilton was responsible for eight kilograms of crack cocaine. Specifically, the court stated, "[The] [c]ourt will make a finding of eight kilograms in this defendant's case. And you can refer to that in other sentencings."

According to Elrod's presentence investigation report ("PSI"), he and his co-conspirators operated a drug trafficking scheme in which they converted powder cocaine into crack cocaine, and then delivered the crack cocaine to customers. Elrod was responsible for taking and delivering drug orders. The officer determined that each co-conspirator should be responsible for the entire amount of crack cocaine distributed by the group because they were all part of a joint scheme to sell crack cocaine. The probation officer found that Elrod was responsible for at least 1.5 kilograms of crack cocaine, which rendered a base offense level of 38 under U.S.S.G. § 2D1.1(c). After reducing Elrod's base offense level by three levels for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), the officer reached a total offense level of 35 which, when combined with Elrod's

3

criminal history category of III, produced a guideline range of 210 to 262 months' imprisonment.

At his sentencing hearing in October 2007, Elrod stated that he had no objections to the PSI, and the court adopted the PSI's factual findings and guideline applications. After reducing Elrod's offense level for his substantial assistance to the government, the court sentenced him to 97 months' imprisonment as to Count 1, and to a mandatory consecutive term of 7 years' imprisonment as to Count 3, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). Accordingly, Elrod was sentenced to a total term of 181 months' imprisonment.

In March 2009, the district court *sua sponte* entered an order noting that Elrod could be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. Both the U.S. Probation Office and the government responded that Elrod was not eligible for a sentence reduction because he was responsible for at least 4.5 kilograms of crack cocaine. The Probation Office and the government, however, cited different facts and arguments in support of their contentions that Elrod's case involved 4.5 kilograms of crack cocaine.

The court entered an order finding that Elrod was not eligible for a sentence reduction under § 3582(c)(2) and Amendment 706. The court explained that it

found the responses filed by the government and probation to be persuasive, and incorporated these responses into its order.

**III.**

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* Even after the Supreme Court's decision in *Kimbrough*, a district court's discretion in a § 3582(c)(2) proceeding is limited by the Sentencing Commission's policy statements. *United States v. Melvin*, 556 F.3d 1190, 1192-94 (11th Cir.), *cert. denied*, 129 S.Ct. 2383 (2009).

Where a defendant's guideline range remains unchanged by Amendment 706 because his offense involved 4.5 kilograms or more of crack cocaine, a district court is not authorized to reduce the defendant's sentence under § 3582(c)(2). *Jones*, 548 F.3d at 1369. In a § 3582(c)(2) proceeding, a district court may rely on the undisputed factual findings set forth in the PSI used at the defendant's original

sentencing. *United States v. Davis*, No. 08-16617, manuscript op. at 6 (11th Cir. Nov. 18, 2009). We may affirm a district court's decision based on any ground supported by the record. *United States v. Simmons*, 368 F.3d 1335, 1342 (11th Cir. 2004).

Here, the district court's reason for finding that Elrod was not eligible for a sentence reduction is not clear. While the court incorporated the government's and the U.S. Probation Office's responses into its order denying relief, the government and the U.S. Probation Office relied on different facts and arguments in their responses, and the court's order does not indicate which of these arguments it found to be persuasive.

We, however, may still affirm the district court's order based on the record. During Hamilton's sentencing, the court found that the conspiracy involved eight kilograms of crack cocaine. In addition, at Elrod's original sentencing, he did not object to the probation officer's recommendation that each co-conspirator be held responsible for the entire amount of crack cocaine involved in the conspiracy. As a result, the record shows that Elrod was responsible for at least 4.5 kilograms of crack cocaine. Finally, Elrod's argument that the district court had authority to reduce his sentence under an advisory Guideline system and *Kimbrough* is foreclosed by our decision in *Melvin*.

**AFFIRMED.**