[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15278
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 14, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:95-cr-00605-PAS-10

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID VELEZ,
a.k.a. Robert Rodriguez,
a.k.a. Alex Rosa,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 14, 2012)

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

In 1996 David Velez was convicted of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). He was subject to a mandatory minimum sentence of life imprisonment, but he was sentenced to 292 months. In 2009 the district court granted Velez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), determining that the retroactively applicable guidelines Amendment 706 reduced his base offense level from 38 to 36.[1] The district court reduced his sentence to 235 months.

In 2011 Velez filed another motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), this time relying on Amendment 750 to the sentencing guidelines, which was made retroactively applicable by Amendment 759. The district court denied that motion, finding that Velez should be held responsible for 3 to 4.5 kilograms of crack cocaine, an amount that would not lower his base offense level of 36. Velez appeals the district court's denial of that motion.

He contends that, in holding him responsible for up to 4.5 kilograms of crack cocaine, the district court relied on a factfinding that the sentencing court

_____

[1]With a two level enhancement because the offense involved possession of a firearm, Velez's total offense level was 38. That resulted in a guidelines range of 235 to 293 months.

never made.[2]  Velez argues that the factual statements in his pre-sentence investigation report and the sentencing court's findings held him responsible for more than 1.5 kilograms of crack cocaine, but there was no finding beyond that about the specific quantity of drugs attributable to him.  He asserts that his correct base offense level under U.S.S.G § 2D1.1(c), as amended, is 34.[3]  A base offense level of 34 would result in a guidelines range of 151–188 months imprisonment, and he has already served 193 months.

We review de novo the district court's legal conclusions about the scope of its authority under the sentencing guidelines and review its factfindings for clear error.  United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009).  We may affirm for any reason supported by the record.  United States v. Al-Arian, 514 F.3d 1184, 1189 (11th Cir. 2008).

A proceeding under § 3582(c)(2) does not constitute a full resentencing, and the district court must maintain all original sentencing determinations with the sole

---

[2]The district court judge who originally sentenced Velez in 1996 has since passed away, and another district court judge has presided over his 18 U.S.C. § 3582(c)(2) proceedings.

[3]When Velez was originally sentenced in 1996, his responsibility for more than 1.5 kilograms of crack cocaine resulted in a base offense level of 38, which was the highest base offense level under that guideline at that time.  See U.S.S.G. § 2D1.1(c) (Nov. 1995).  Under the amended guideline 8.4 kilograms or more of crack cocaine results in a base offense level of 38; at least 2.8 kilograms but less than 8.4 kilograms results in a base offense level of 36; and at least 840 grams but less than 2.8 kilograms of crack cocaine results in a base offense level of 34.  U.S.S.G. § 2D1.1(c) (Nov. 2011).

exception of applying the amended guideline. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). If the amended guideline does not have the effect of lowering the defendant's guidelines range, the district court has no authority to reduce the defendant's sentence. U.S.S.G. § 1B1.10(a)(2)(B). When the defendant is subject to a statutory mandatory minimum sentence, in a § 3582(c)(2) proceeding the district court must calculate the defendant's new guideline range as dictated by the mandatory minimum, regardless of any downward departure during the original sentencing. See United States v. Mills, 613 F.3d 1070, 1078 (11th Cir. 2010) ("'[T]he guidelines range for a defendant subject to a statutory minimum would not be lowered by an amendment, even if the amendment would otherwise be applicable to the defendant.'") (quoting United States v. Williams, 549 F.3d 1337, 1341 (11th Cir. 2008)).

The original sentencing court in 1996 departed from a mandatory sentence of life imprisonment when it sentenced Velez to 292 months. Regardless of whether that court had the authority to sentence Velez below the mandatory minimum, and regardless of whether the district court had the authority to reduce his sentence to 235 months in his earlier 21 U.S.C. § 3582(c)(2) proceeding, his original sentence was the result of a downward departure. Velez's guideline range, even considering the amendments to § 2D1.1(c), remains subject to the

4

statutory mandatory minimum sentence of life imprisonment.  See Mills, 613 F.3d at 1078 (holding that a sentence below a statutory minimum based on the filing of a substantial assistance motion did not eliminate the otherwise applicable mandatory minimum for purposes of sentence modification under § 3582(c)(2)).  Because Velez remained subject to the mandatory minimum, the district court lacked the authority to reduce his sentence below 235 months.  See id.  For that reason, we affirm the district court's decision to deny Velez's § 3582(c)(2) motion for sentence reduction.

**AFFIRMED.**