[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16058
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:90-cr-00003-CAR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERRY JEROME ANDERSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 12, 2012)

Before MARCUS, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jerry Jerome Anderson appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify or reduce his term of imprisonment based on Amendment 750 to the U.S. Sentencing Guidelines. He argues that: (1) the district court abused its discretion by denying his motion without stating its reasons for the denial, failing to use the 2011 Sentencing Guidelines in calculating his new guideline range, and failing to consider the factors under 18 U.S.C. § 3553(a); and (2) a new presentence investigation report ("PSI") and sentencing hearing are necessary. After thorough review, we affirm.

We review a district court's decision whether to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). Additionally, we review de novo the district court's legal conclusions about the scope of its authority under the sentencing guidelines and review its factfindings for clear error. United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009).

"Under 18 U.S.C. § 3582(c)(2), a district court has discretion to reduce the term of imprisonment of an already incarcerated defendant when that defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). However, § 3582(c)(2) does not grant the district

2

court jurisdiction to reconsider all original sentencing determinations. Id. at 781. In fact, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. Moreover, the district court may not modify an imposed term of imprisonment upon a § 3582(c)(2) motion unless the defendant's sentencing range was subsequently lowered by an amendment to the Sentencing Guidelines. U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 750 became effective on November 1, 2011, and is, in relevant part to Anderson's claim, retroactively applicable. U.S.S.G. § 1B1.10(c); U.S.S.G. App. C, Amend. 750. The multi-part amendment re-promulgated as permanent the temporary, emergency amendment that implemented the emergency directive in section 8 of the Fair Sentencing Act of August 3, 2010, Pub. L. No. 111-220, 124 Stat. 2372. U.S.S.G. App. C, Amend. 750, Reason for Amendment. Amongst other things, the amendment raised the amount of crack cocaine necessary under U.S.S.G. § 2D1.1(c) to receive a base offense level of 38 from 4.5 kilograms to 8.4 kilograms. U.S.S.G. App. C, Amends. 748, 750.

The record before us reveals that the district court did in fact provide its reason for denying Anderson's motion by saying that Amendment 750 "did not effectively reduce the defendant's guideline range." And indeed, the district court properly

determined that, despite the amendment to the Sentencing Guidelines, Anderson's guideline range remained unchanged. Although Amendment 750 raised the minimum amount of crack cocaine necessary to receive a base offense level of 38 from 4.5 kilograms to 8.4 kilograms, the amendment did not affect Anderson's base offense level of 38 because, as the court had previously found, Anderson's convictions involved 15 kilograms or more of crack cocaine, which fell above the amended minimum of 8.4 kilograms. See U.S.S.G. App. C, Amend. 750, Reason for Amendment. Since Anderson's base offense level remained at 38 -- plus 4 points pursuant to U.S.S.G. § 2D1.5(a)(1) because he was convicted of operating a continuing criminal enterprise, resulting in a total offense level of 42 -- along with a criminal history category of III, the court correctly found that his guideline range remained unchanged at 360 months' to life imprisonment. See U.S.S.G. Sentencing Table.

Nor did the district court err by failing to consider the factors under 18 U.S.C. § 3553(a), because the court was only required to analyze those factors if it determined that Amendment 750 had the effect of lowering Anderson's guideline range, which it did not. See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).

Finally, to the extent that the district court denied Anderson's request for a new PSI, Anderson has not shown that such denial was in error. Despite his conclusory

allegation that a new PSI and sentencing hearing are necessary due to "facts and arguments not considered in the original sentence that are crucial to the new sentencing scheme," he fails to describe these facts and arguments or even establish that they exist. Further, Anderson was not entitled to a new PSI or sentencing hearing because, when modifying a sentence under § 3582(c)(2), all original sentencing determinations remain unchanged save the amended guideline range, which the court was able to calculate without a new PSI or sentencing hearing. Bravo, 203 F.3d at 781.[1]

**AFFIRMED.**

---

[1] What's more, Anderson never requested a new sentencing hearing in the district court, and he has not shown that the court's failure to grant such a hearing sua sponte was in error, much less plain error. See United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (holding that, when a defendant fails to raise an error in district court, we may not correct the error unless it is plain, affects substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings).