[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11355
Non-Argument Calendar

_____

D.C. Docket No. 9:05-cr-80100-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE E. SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 14, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

George E. Smith, proceeding *pro se*, appeals from the district court's denial

of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).

In 2005, Smith was indicted for possession with intent to distribute 5 grams or more of crack cocaine within 1000 feet of an elementary school, in violation of 21 U.S.C. §§ 841 and 860(a) (Count 1); possession with intent to distribute cocaine within 1000 feet of an elementary school, in violation of the same (Count 2); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).  The government filed notice of its intent to rely on Smith's prior convictions to seek an enhanced sentence, pursuant to 21 U.S.C. § 851.

Following a jury trial, Smith was convicted of possession with intent to distribute less than 5 grams of crack cocaine within 1000 feet of an elementary school, a lesser included offense of Count 1, and the Count 2 charge of possession with intent to distribute powder cocaine within 1000 feet of an elementary school. He was acquitted of the firearm offense in Count 3.

At sentencing, the district court determined that Smith's offense level was 26 based on the amount of drugs involved, but this level was increased to 34 under U.S.S.G. § 4B1.1 because Smith qualified as a career offender.[1]  Smith's status as a career offender also increased his criminal history category from III to VI, and placed him in a guideline range of 262 to 327 months' imprisonment.  At Smith's

---

[1]  Smith conceded that he qualified as a career offender.

request, the court departed downward in the criminal history category to level V, which yielded a guideline range of 235 to 293 months' imprisonment. The court sentenced Smith to concurrent terms of 235 months' imprisonment. This court affirmed Smith's convictions and sentences on direct appeal. *United States v. Smith*, 209 F. App'x 906 (11th Cir. 2006).

In 2012, Smith filed the instant motion to correct sentence under 18 U.S.C. § 3582(c),[2] arguing that Amendment 750 to the sentencing guidelines, which changed the quantities of crack applicable to the specific offense levels under the drug quantity tables, entitled him to a lesser sentence. He further asserted that he was eligible for the reduction because he was not sentenced as a career offender after the district court had departed downward in his criminal history category. He requested that he be resentenced in accordance with Amendment 750 and that he be given consideration for his rehabilitative efforts while incarcerated.

The district court denied the motion, first finding that Amendment 750 did not apply to Smith's case because Smith's sentence was controlled by his career-offender status. Alternatively, the court explained that even if the amendment

---

[2] This is Smith's second § 3582(c) motion, and he also filed a motion to vacate sentence, 28 U.S.C. § 2255, before filing the instant motion. Neither Smith's previous § 3582 (c) motion nor his § 2255 motion provided him with any relief.

3

applied, the court would nevertheless sentence Smith to 235 months' imprisonment based on the 18 U.S.C. § 3553(a) sentencing factors.

Smith now appeals, arguing that the Supreme Court's recent decision in *Freeman v. United States*, 564 U.S. ___, 131 S.Ct. 2685 (2011), granted the district court authority to reduce his sentence in light of Amendment 750 despite the fact that he was a career offender.

We review a district court's decision not to reduce a sentence pursuant to § 3582(c)(2) for an abuse of discretion. *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009). But we review sentencing issues not raised before a district court for plain error. *United States v. Camacho-Ibarquen*, 410 F.3d 1307, 1315 (11th Cir. 2005). "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010) (internal quotation marks omitted).

Under § 3582, a district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). But "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range

4

upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008); *see also* U.S.S.G. § 1B1.10(a)(2)(B).  Specifically, a reduction in a defendant's term of imprisonment is not authorized by § 3582(c)(2) where a retroactively-applicable amendment does not lower the defendant's applicable guideline range due to the operation of another guideline provision, such as the career-offender provisions.  U.S.S.G. § 1B1.10, comment. (n.1(A)); *Moore*, 541 F.3d at 1330.

Here, the district court did not err in denying Smith's § 3582(c)(2) motion because Amendment 750 did not lower Smith's guideline range.  Although the district court departed downward in Smith's criminal history category, Smith's ultimate sentence was based on his status as a career offender and not the guideline that would otherwise have applied to his drug offenses.  Because Amendment 750 did not alter the career-offender guideline, and, therefore, did not have the effect of lowering Smith's guideline range, Smith was not eligible for a reduction under § 3582(c)(2).

The Supreme Court's recent plurality opinion in *Freeman* does not alter our analysis.  In *Freeman*, the Court concluded that defendants who enter into plea agreements that recommend a particular sentence as a condition of the guilty plea

5

under Federal Rule of Criminal Procedure 11(c)(1)(C) were not precluded from relief under § 3582(c)(2). *Freeman*, 564 U.S. at ___, 131 S.Ct. at 2690. This court recently rejected the *Freeman* argument Smith makes here and held that *Moore* remains binding precedent. *See United States v. Lawson*, – F.3d –, No. 11-15912, 2012 WL 2866265, at \*2-3 (11th Cir. July 13, 2012).

Accordingly, the district court properly denied Smith's motion to correct sentence.

**AFFIRMED.**