[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10610
Non-Argument Calendar

_____

D.C. Docket No. 1:07-cr-20634-JAL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ED REED,
a.k.a. Darren McCormick,
a.k.a. "LA",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 5, 2012)

Before TJOFLAT, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ed Reed, proceeding *pro se*, appeals the district court's denial of his motion

for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2).  On appeal, Reed argues that the district court improperly assumed that his motion was based on the crack cocaine amendments[1], as opposed to Amendments 506 and 567.  Further, he requests that his appeal be consolidated with *United States v. Green*, No. 12-10247, and he adopts the appellant's arguments in that case.  For the reasons set forth below, we affirm the district court's denial of Reed's § 3582(c)(2) motion.

I.

In 2008, Reed pled guilty to conspiracy to possess with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 846.  According to the presentence investigation report ("PSI"), Reed qualified as a career offender under U.S.S.G. § 4B1.1(a), and as such, his base offense level was 32.  After a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and (b), his total offense level was 29.  Based on this offense level and a criminal history category of IV, Reed's guideline range was 151 to 188 months' imprisonment.  Ultimately, the court imposed a 151-month sentence.

In November 2011, Reed filed the instant *pro se* § 3582(c)(2) motion based on Amendments 506 and 567, and *United States v. LaBonte*, 520 U.S. 751, 117

---

[1] Amendments 706 and 750 to the Sentencing Guidelines revised the crack cocaine quantity tables listed in U.S.S.G. § 2D1.1(c).  *See* U.S.S.G. App. C, amends. 706 and 750.

S.Ct. 1673, 137 L.Ed.2d 1001 (1997).  In his motion, Reed argued that the district court's application of the career offender guideline, § 4B1.1, was unlawfully based on his prior conviction, as the government failed to file a notice, pursuant to 21 U.S.C. § 851(a)(1), charging him as a "recidivist offender."  Moreover, he alleged that the court's application of the career offender enhancement violated the separation of powers.  Reed further asserted that the *LaBonte* decision should be treated as a clarifying amendment to the Sentencing Guidelines because, among other reasons, Amendment 567 was based on *LaBonte*.  He argued that jurisprudence establishes that the government is required to provide § 851 notice before the career offender guideline enhancement is imposed.  He concluded that, in light of *LaBonte*, the district court should apply an offense level of 18 and a guideline range of 27 to 33 months.

The district court denied Reed's § 3582(c)(2) motion, indicating that he was ineligible for a sentence reduction based on his career offender status

## II.

We review a district court's denial of a § 3582(c)(2) sentence reduction for an abuse of discretion.  *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).  We review *de novo* the district court's legal conclusions about the scope of its authority under the sentencing guidelines and review its factfindings for clear

error. *Id.*  We may affirm the district court's decision on any ground supported by the record. *United States v. Chitwood*, 676 F.3d 971, 975 (11th Cir. 2012), *cert. denied*, (U.S. Oct. 1, 2012) (No. 12-5074).  Further, we liberally construe pleadings filed by *pro se* litigants.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A court may only modify a term of imprisonment in limited circumstances, including where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Further, § 3582(c)(2) does not grant the district court jurisdiction to reconsider all original sentencing determinations. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).  In fact, "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."  *Id.* Moreover, the district court may not modify an imposed term of imprisonment upon a § 3582(c)(2) motion unless the defendant's sentencing range was subsequently lowered by an amendment to the Sentencing Guidelines.  *See id.* at 780; U.S.S.G. § 1B1.10(a)(2)(B).  Other sentencing issues should be raised in a 28 U.S.C. § 2255 motion.  *See Bravo*, 203 F.3d at 782.

Amendment 506, effective November 1, 1994, changed the definition of

4

"Offense Statutory Maximum" in U.S.S.G. § 4B1.1's commentary to mean only the basic statutory maximum and excluded any sentencing enhancements based on the defendant's prior criminal record. *See* U.S.S.G. App. C, amend. 506. In *LaBonte*, however, the Supreme Court concluded that Amendment 506 violated the plain language of 28 U.S.C. § 944(h), which requires the Guidelines to specify a sentence "at or near the maximum term authorized" for defendants who had certain prior felony convictions. *LaBonte*, 520 U.S. at 757–62, 117 S.Ct. at 1677–79. The term "maximum term authorized" in § 944(h) includes any relevant statutory sentencing enhancements. *See id.* at 753, 117 S.Ct. at 1675. In response, the Sentencing Commission adopted Amendment 567, effective November 1, 1997, which amended the commentary to § 4B 1.1 to specify that "Offense Statutory Maximum" included sentencing enhancements based on the defendant's prior criminal record. *See* U.S.S.G. App. C, amend. 567.

As an initial matter, Reed has abandoned the arguments that he raised in his § 3582(c)(2) motion by failing to raise them in his appeal brief, and instead, attempting to adopt an appellant's brief in a separate case. *See United States v. Woods*, 684 F.3d 1045, 1064 n.23 (11th Cir. 2012); *United States v. Gupta*, 463 F.3d 1182, 1195 (11th Cir. 2006) (explaining that we "may decline to address an argument where a party fails to provide arguments on the merits of an issue in its

5

initial or reply brief"). We permit an appellant to adopt by reference any part of another party's brief by including a statement describing in detail which briefs and which portions of those briefs are adopted. 11th Cir. R. 28-1(f). The appellant in *Green*, however, is not a party in the instant appeal, and moreover, Reed does not describe in detail which of Green's arguments he intends to adopt. Regardless, as discussed below, even construing Reed's appeal brief liberally to preserve the arguments that he made before the district court, *see Tannenbaum*, 148 F.3d at 1263, he is not entitled to sentence reduction. Further, Reed's request to have his appeal consolidated with *Green* is moot because the appeal in that case is no longer pending before this Court.

The district court did not abuse its discretion in denying Reed's § 3582(c)(2) motion. On appeal, Reed suggests that the district court's order denying his § 3582(c)(2) motion was confusing because the district court assumed that his motion was filed pursuant to the crack cocaine amendments instead of Amendments 506 and 567. The district court, however, did not specify a guidelines amendment in denying Reed's § 3582(c)(2) motion. Instead, the court merely stated that Reed was not entitled to relief under § 3582(c)(2) because he was sentenced as a career offender. Regardless, even if the district court improperly construed Reed's motion as seeking a sentence reduction based on the

6

crack cocaine amendments instead of Amendments 506 and 567, we may affirm on any basis supported by the record, *see Chitwood*, 676 F.3d at 975, and here, the record makes clear that Reed is not entitled to a sentence reduction.

Amendment 506, effective November 1, 1994, and Amendment 567, effective November 1, 1997, were both issued well before Reed entered his guilty plea in 2008, and thus, his applicable sentencing range was not subsequently lowered by those amendments.  U.S.S.G. App. C, amends. 506 and 567; *Bravo*, 203 F.3d at 780-81.  Additionally, § 3582(c)(2) authorizes the district court to reduce a defendant's sentence pursuant to retroactively applicable guideline amendments, not Supreme Court decisions, such as *LaBonte*.  *See United States v. Moreno*, 421 F.3d 1217, 1220 (2005) (concluding that *Booker*[2] was a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission, and therefore, *Booker* was inapplicable to § 3582(c)(2) motions); U.S.S.G. § 1B1.10(a)(2)(B).  Finally, to the extent that Reed seeks to challenge the district court's application of § 4B1.1 during sentencing, such a challenge is outside the limited scope of § 3582(c)(2), and he must raise it in a collateral attack under 28 U.S.C. § 2255.  *See Bravo*, 203 F.3d at 780-82.

---

[2] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

7

For the foregoing reasons, we affirm the district court's denial of Reed's

§ 3582(c)(2) motion.

**AFFIRMED.**

8