[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16617

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 18, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 92-04013-CR-4-WS-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMERSON O. DAVIS,
a.k.a. Mercy,
a.k.a. John Calvin,
a.k.a. Dred,
a.k.a. Stanford Robinson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 18, 2009)

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

The central issue in this case is whether the district court's adoption at sentencing of the facts stated in Appellant Emerson Davis's Presentence Investigation Report (PSI) constituted a finding that Davis was responsible for conduct involving more than 4.5 kilograms of cocaine base. During the sentencing hearing, the district court only expressly found Davis responsible for more than 1.5 kilograms of cocaine base. The undisputed facts contained in the PSI, however, establish Davis was responsible for at least eight kilograms of cocaine base. After review, we conclude that in adopting the facts in the PSI the sentencing court found Appellant was responsible for more than 4.5 kilograms, even though the court did not expressly specify the exact quantity in excess of 1.5 kilograms.

## I. BACKGROUND

In 1996, a jury convicted Davis of conspiracy to distribute and to possess with the intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. §§ 841 and 846. At the time of Davis's sentencing, a defendant scored the highest base offense level available, a 38, if the sentencing court found him responsible for conduct involving more than 1.5 kilograms of cocaine base. S*ee* U.S.S.G. § 2D1.1(c)(1) (1995).

The district court found all of the drug-related factual findings in the PSI to be accurate and incorporated them into Davis's sentence. The uncontested statements in the PSI reveal Davis was responsible for, *inter alia*, at least eight kilograms of cocaine base. At sentencing, Davis asked the district court to specify the amount of powder cocaine, cocaine base, and marijuana for which he was responsible. The district court responded Davis's responsibility for more than 1.5 kilograms of cocaine base caused Davis to score the maximum base offense level available and, thus, a more specific finding was unnecessary. The district court stated Davis's sentence would be based on "the amount of cocaine base or crack cocaine" for which Davis was responsible. The court further remarked "this whole operation[ ] all of these people were involved in really dealt with—with crack cocaine."

With a base offense level of 38, due to his responsibility for more than 1.5 kilograms of cocaine base, a 4-level enhancement for his role in the offense, and a 2-level enhancement for possession of a firearm, Davis scored a total offense level of 44. With his criminal history category of IV, his Guidelines range was life in prison.

In January 2008, Davis moved for a modification of his sentence based on Amendment 706 of the Sentencing Guidelines, which lowered the base offense

level for defendants found responsible for certain amounts of cocaine base. *See* U.S.S.G. App. C, amends. 706, 711, 713 (Supp. Mar. 3, 2008). The district court denied the reduction, explaining the PSI showed Davis was responsible for more cocaine base than permissible to be eligible for the reduction. Davis then filed a "Motion for Recalculation of Sentencing and Rehearing." The district court denied Davis's motion, reiterating its reasoning. Davis timely filed notice of appeal.

## II. STANDARD OF REVIEW

This Court reviews *de novo* the district court's legal conclusions regarding its own authority under the Sentencing Guidelines, *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir. 2008), *cert. denied,* 129 S. Ct. 1657 (2009), and for clear error the factual findings underlying a district court's legal conclusions, *United States v. Rhind*, 289 F.3d 690, 693 (11th Cir. 2002). We review for abuse of discretion a district court's decision not to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2). *Jones*, 548 F.3d at 1368, n.1.

## III. DISCUSSION

Amendment 706 to the Sentencing Guidelines, which applies retroactively, reduces from 38 to 36 the base offense level scored by defendants whose conduct involved more than 1.5, but fewer than 4.5, kilograms of cocaine base; it does not

reduce the offense level for those responsible for more than 4.5 kilograms. *See* U.S.S.G. App. C, amends. 706, 711, 713 (Supp. Mar. 3, 2008); U.S.S.G. § 2D1.1(c)(1); *Jones*, 548 F.3d at 1369. When the Guidelines range pursuant to which a prisoner has been sentenced is subsequently lowered, a prisoner may move for a reduction in sentence in accordance with that modification. 18 U.S.C. § 3582(c)(2).

Davis filed a motion pursuant to section 3582(c)(2) arguing he was eligible for an Amendment 706 reduction because the district court at sentencing did not expressly state the quantity above 1.5 kilograms of cocaine base for which he was responsible. In denying Davis's motion, the district court reviewed its sentencing findings, noted it had adopted the factual findings in Davis's PSI, and determined in adopting those findings the court had already found Davis responsible for too much cocaine base to be eligible for an offense-level reduction.

Davis claimed, both in his "Motion for Recalculation of Sentencing and Rehearing" and on appeal, that the district court's determination he was responsible for more than 4.5 kilograms of cocaine base was an impermissible new finding. In a section 3582(c)(2) resentencing proceeding, the district court must maintain "*all* original sentencing determinations" apart from the original

Guidelines range. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis in original).

The district court did not make an impermissible new finding of fact in Davis's section 3582(c)(2) proceeding when it stated he was responsible for more than 4.5 kilograms of cocaine base. The sentencing court was permitted to make factual findings based on the undisputed statements in the PSI. *See* Fed. R. Crim. P. 32(i)(3)(A); *United States v. Bennett*, 472 F.3d 825, 832 (11th Cir. 2006). Davis was deemed to have admitted, for sentencing purposes, the facts in the PSI he did not object to clearly and specifically at sentencing. *See United States v. Wade*, 458 F. 3d 1273, 1277 (11th Cir. 2006); *Bennett*, 472 F.3d at 833.

By adopting the factual findings in the PSI that were deemed admitted by Davis when he failed to object to them, the sentencing court found Davis responsible for over eight kilograms of cocaine base. As the district court had already found Davis responsible for well over the 4.5 kilograms of cocaine base currently required to score Davis's original base offense level of 38, Davis was not eligible for a sentence reduction under Amendment 706. The court, therefore, did not err when it denied Davis's motions for modification and recalculation of his sentence.

**AFFIRMED**.

6