[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12343
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 18, 2010
JOHN LEY
CLERK

D.C. Docket No. 2:02-cr-00007-MEF-CSC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTRONE CHEATHAM,
a.k.a. "Moochie",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 18, 2010)

Before TJOFLAT, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

In 2003, Artrone Cheatham was convicted of conspiracy to possess with

intent to distribute 50 grams or more of crack cocaine. In determining Cheatham's sentencing guideline range, the court found that he was responsible for 30 kilograms of crack, which corresponded to a base offense level of 38. After calculating the guideline range as 235 to 293 months' imprisonment, the court sentenced Cheatham to 235 months' imprisonment.

In 2008, Cheatham filed a *pro se* motion for a reduction in sentence, 18 U.S.C. § 3582(c), arguing that Amendment 706 of the sentencing guidelines lowered the base offense levels for crack offenses. The district court denied the motion, finding that Cheatham was ineligible for a reduction because the amendment had not lowered his base offense level due to the amount of drugs involved. Cheatham now appeals.

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009), *cert. denied*, 130 S.Ct. 2129 (2010). A district court's decision to grant or deny a sentence reduction is reviewed only for an abuse of discretion. *Id.*

A district court may modify a defendant's term of imprisonment where the Sentencing Commission has subsequently lowered the sentencing range upon which the defendant's sentence was based as long as the reduction is consistent

with the applicable policy statements issued by the Commission. 18 U.S.C. § 3582(c)(2). A reduction in the term of imprisonment is not consistent with applicable policy statements–and is, therefore, not authorized under § 3582(c)(2)– if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 706, which applies retroactively, provides for a two-level reduction in the base offense level assigned to certain amounts of crack cocaine. U.S.S.G. App. C, Amend. 706; U.S.S.G. § 1B1.10(c). Before Amendment 706 took effect, a defendant received a base offense level of 38 if he was held accountable for 1.5 kilograms or more of crack cocaine; under the amended version of the guidelines, a base offense level of 38 applies to a defendant held accountable for 4.5 kilograms or more of crack cocaine. *See Davis*, 587 F.3d at 1303 (citing U.S.S.G. App. C, Amends. 706, 711, 713; U.S.S.G. § 2D1.1(c)(1)).

Here, the district court determined that Cheatham was not entitled to relief. We agree. First, when the district court originally determined Cheatham's sentence, it held him responsible for 30 kilograms of crack. Although Cheatham continues to dispute this quantity, we cannot revisit the district court's determination of the amount of drugs for which Cheatham was held responsible.[1]

---

[1] We note that Cheatham failed to raise this argument in his original appeal.

3

*See Davis*, 587 F.3d at 1303 (explaining that "in a § 3582(c) resentencing proceeding, the district court must maintain all original sentencing determinations apart from the original Guidelines range") (citation and quotation marks omitted).

Second, because Cheatham was held responsible for more than 4.5 kilograms of crack, his base offense level remained 38 even under the amended version of § 2D1.1(c)(1). Thus, Cheatham's sentence was not based on a range subsequently lowered by Amendment 706, and the district court properly denied Cheatham's § 3582(c) motion.

**AFFIRMED.**