[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16091
Non-Argument Calendar
_____

D.C. Docket No. 5:07-cr-00010-RS-WCS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDALL TEHRON RANDOLPH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 18, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Randall Tehron Randolph appeals from the district court's denial of his motion

to reduce his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 750 to

the Sentencing Guidelines.  The district court denied his motion because his revised sentencing range remained 240 months' imprisonment pursuant to the mandatory minimum in 21 U.S.C. § 841(b), even though he was sentenced below that minimum due to his substantial assistance.  On appeal, Randolph argues that he was entitled to a reduction in his sentence because Congress intended for the amended statutory minimum penalties under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("FSA"), to apply retroactively.  After thorough review, we affirm.

We review a district court's decision to not to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion.  United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."  United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B).  Specifically, a reduction in a defendant's term of imprisonment is not authorized by § 3582(c)(2) where a retroactively-applicable amendment does not

2

lower the defendant's applicable guideline range due to the operation of another statutory provision, such as a statutory mandatory minimum term of imprisonment. U.S.S.G. § 1B1.10, comment. (n.1).  This applies even when the defendant was originally sentenced below the statutory minimum due to the government's filing of a substantial-assistance motion, because a district court's downward departure does not "eliminate the otherwise applicable mandatory minimum."  United States v. Williams, 549 F.3d 1337, 1340-41 (11th Cir. 2008).

In this case, Randolph was not eligible for a reduced sentence under § 3582(c)(2) because Amendment 750 did not alter his guideline range.  Moore, 541 F.3d at 1330.  As the record shows, Randolph's guideline range was dictated by the 20-year statutory minimum sentence for his offense, rather than by his offense level under the Guidelines.  The fact that Randolph was sentenced below his statutory minimum is irrelevant, since the sentencing court's downward departure did not eliminate the otherwise-applicable mandatory minimum.  Williams, 549 F.3d at 1340-41.  And although the district court in 2008 granted Randolph's prior unopposed § 3582(c)(2) motion and reduced his sentence pursuant to Amendment 706 (despite the fact that the prior reduction similarly would have been precluded by the reasoning in Moore and Williams), this fact alone does not prevent the government from opposing a further reduction under Amendment 750.  Finally,

3

Randolph's arguments concerning the retroactive application of the FSA's amended mandatory-minimum penalties are outside the scope of § 3582(c)(2), since § 3582(c)(2) provides relief only when a defendant's sentence is based on a sentencing range that subsequently has been lowered by the U.S. Sentencing Commission, not by a statutory amendment enacted by Congress.  In short, the district court did not abuse its discretion in denying Randolph's § 3582(c)(2) motion, and we affirm.

**AFFIRMED.**