[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11296
Non-Argument Calendar
_____

D.C. Docket No. 3:88-cr-00215-HWM-TEM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY LAMAR MCCLAIN,
a.k.a. Rod Gucci,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 31, 2012)

Before HULL, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Rodney McClain appeals the district court's denial of his motion under 18 U.S.C. § 3582(c)(2) to reduce his 292-month sentences. Of relevance, McClain was convicted in 1989 of conspiring to manufacture, distribute, and possess with intent to distribute 50 or more grams of crack cocaine, and two counts of possessing 50 or more grams of crack cocaine with intent to distribute. The sentencing court adopted the PSI's undisputed statements that the offenses involved "approximately 900 grams" of crack cocaine. Based upon these statements, the sentencing court calculated a Guidelines range of 360 months' to life imprisonment, and imposed concurrent life sentences as to each of McClain's crack cocaine offenses. In 2008, the district court granted McClain's § 3582(c)(2) motion based upon Amendment 706 to the Sentencing Guidelines, and imposed a 292-month sentence (or time served, if greater) as to each crack cocaine offense after calculating a new Guidelines range of 292 to 365 months' imprisonment.

McClain filed a second § 3582(c)(2) motion, which is the subject of the instant appeal, and relied upon Amendment 750.[1] On appeal, McClain argues the sentencing court did not make a specific finding as to the amount of crack cocaine

---

[1] Part A of Amendment 750 amended U.S.S.G. § 2D1.1 by revising the Drug Quantity Table in § 2D1.1(c) and reducing the offense levels associated with various amounts of crack cocaine. U.S.S.G. App. C, Amend. 750, Pt. A, *cross-referencing* U.S.S.G. App. C, Amend. 748. After Amendment 750, a defendant who is held responsible for at least 840 grams, but less than 2.8 kilograms, of crack cocaine receives a base offense level of 34. *See* U.S.S.G. App. C, Amend. 750; U.S.S.G. § 2D1.1(c)(3) (2011).

2

for which he was responsible, and the district court could not speculate that the sentencing court held him responsible for at least 840 grams of crack cocaine—the threshold amount of crack cocaine over which Amendment 750 would not alter his applicable Guidelines range.[2]

We review *de novo* a district court's conclusions regarding its authority to reduce a defendant's sentence under § 3582(c)(2). *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may not reduce a defendant's term of imprisonment that has been imposed unless the defendant's sentence was based upon a sentencing range that the Sentencing Commission subsequently lowered, the district court considers the 18 U.S.C. § 3553(a) factors to the extent they are applicable, and the reduction is consistent with the applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(2). A reduction is not consistent with the Guidelines' policy statement if it does not have the effect of lowering the defendant's applicable Guidelines range. U.S.S.G. § 1B1.10(a)(2)(B).

---

[2] McClain also argues that the rule of lenity mandated that the district court resolve any ambiguity created by the word "approximately" in his favor. However, the rule of lenity is a tool of statutory construction that applies to resolve ambiguities in a criminal statute that remain after all of the tools of statutory construction have been exhausted. *See United States v. Tobin*, 676 F.3d 1264, 1273 (11th Cir. 2012). As McClain did not raise any issues of statutory construction, the rule of lenity does not apply.

3

McClain concedes the sentencing court adopted the PSI's undisputed statements holding him accountable for approximately 900 grams of crack cocaine. The sentencing court's adoption of those undisputed statements was sufficient to hold him accountable for that amount, *see United States v. Davis*, 587 F.3d 1300, 1304 (11th Cir. 2009), such that the district court did not speculate as to the amount of crack cocaine for which the sentencing court held McClain responsible. Amendment 750 thus did not have the effect of lowering McClain's applicable Guideline range of 292 to 365 months' imprisonment because his responsibility for approximately 900 grams of crack cocaine subjected him to that same Guidelines range even after Amendment 750's application. Accordingly, the district court lacked authority to reduce McClain's sentences.

**AFFIRMED.**