[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-10524
Non-Argument Calendar
_____

D. C. Docket No. 9:94-cr-08059-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE O'NEAL,
a.k.a. Danny O'Neal,
a.k.a. Danny Boy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 7, 2012)

Before CARNES, WILSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Clarence O'Neal, who pleaded guilty to conspiracy to possess with intent to

distribute cocaine, in violation of 21 U.S.C. § 846, appeals the district court's

denial of his counseled 18 U.S.C. § 3582(c)(2) motion for reduction of sentence, which was based on Amendment 750. No reversible error has been shown; we affirm.

We review a district court's decision not to reduce a sentence pursuant to section 3582(c)(2) for abuse of discretion. United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009).

When the Guidelines range pursuant to which a prisoner has been sentenced is later lowered, a prisoner can move for a reduction in sentence in accordance with that modification. 18 U.S.C. § 3582(c)(2). Such a reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A sentence reduction is not authorized under section 3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Amendment 750, which has been made retroactive, adjusted the base offense levels listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c) to limit the sentencing disparity between powder cocaine and crack cocaine offenses. See U.S.S.G. App. C., amend. 750; U.S.S.G. § 1B1.10(c).

Here, the district court properly denied O'Neal's motion for a sentence reduction because Amendment 750 did not alter his guideline range. U.S.S.G. §

2

1B1.10(a)(2)(B).  As the record shows, at his original sentencing hearing in 1998, the district court calculated a total offense level of 36 and a criminal-history category of III, resulting in a guideline range of 235 to 293 months.[1]  The district court ultimately sentenced O'Neal to 293 months' imprisonment.

After the Sentencing Commission promulgated Amendment 706, the district court did grant O'Neal's first section 3582(c)(2) motion for a reduction in sentence in August 2010.  Under the revised calculation then, O'Neal's base offense level was reduced by 2 levels to 32, resulting in a total offense level of 34.  Coupled with a criminal history category of III, his amended guideline range became 188 to 235 months; and the district court ultimately reduced O'Neal's sentence to 235 months' imprisonment.

Contrary to O'Neal's argument, Amendment 750 did not further alter his guideline range.  Under Amendment 750, the quantity of powder and crack cocaine that O'Neal was held responsible for -- 342.024 grams of crack cocaine and 2 kilograms of powder cocaine -- would be equivalent to 1,621 kilograms of

---

[1] The presentence investigation report ("PSI") noted that O'Neal was accountable for a total of 342.024 grams of crack cocaine and 2 kilograms of powder cocaine, which was calculated at the time to be equivalent to 7,240 kilograms of marijuana and led to a base offense level of 34. Following a 2-level enhancement for possession of a firearm and a 2-level enhancement for his leadership role, the PSI calculated O'Neal's total offense level to be 38.  At sentencing, the district court awarded O'Neal a 2-level reduction for acceptance of responsibility; and his total offense level was 36.

marijuana, resulting in a base offense level of 32.  See U.S.S.G. § 2D1.1(c)(4) (2011).  When combined with the other guideline applications made at O'Neal's original sentencing hearing, the total offense level remains at 34 and the applicable guideline range is unchanged at 188 to 235 months.[2]  Accordingly, the district court did not abuse its discretion in denying O'Neal's section 3582(c)(2) motion for a sentence reduction under Amendment 750.

O'Neal also argues that, even assuming that his guideline range remains unchanged after the application of Amendment 750, the district court should have sentenced him to the low-end of the applicable guideline range.  His argument is premised on his erroneous belief that his original sentence was based on the low-end of the applicable guideline range.  In fact, due to the amount of crack cocaine involved in the offense conduct and because O'Neal had been a fugitive for over 4 years before his arrest, the district court originally imposed a sentence at the high-end of the then applicable guideline range: 235 to 293 months.  More important, a section 3582(c)(2) proceeding does not constitute a de novo resentencing, and "all

---

[2] O'Neal's claim of ambiguity in the record appears to stem from the the district court's order granting O'Neal's first section 3582(c)(2) motion in 2010.  The court's order lists O'Neal's original offense level at 34 and his amended offense level -- following the application of Amendment 706 -- at 32.  It is clear, however, that the court was referring to O'Neal's base offense level under U.S.S.G. § 2D1.1(c), and not his total offense level.  Following the application of Amendment 706, O'Neal's total offense level went from 36 to 34 and his amended guideline range became 188 to 235 months' imprisonment.

4

original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (emphasis omitted).  Because O'Neal's guideline range was not lowered by Amendment 750, the district court was without authority to reduce his sentence.

AFFIRMED.