[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15757
Non-Argument Calendar
_____

D.C. Docket No. 1:05-cr-00033-MP-GRJ-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES WRIGHT, JR.,
a.k.a., Big C,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 20, 2013)

Before PRYOR, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Charles Wright, Jr., appeals pro se the denial of his motion to reduce his sentence. 18 U.S.C. § 3582(c)(2). Wright's motion was based on Amendment 750 to the Sentencing Guidelines. We affirm.

The district court did not err by denying Wright's motion. Amendment 750 did not have the effect of lowering Wright's sentencing range. Because Wright was, without objection, held responsible for at least 27.05 kilograms of cocaine base, he was ineligible for a sentence reduction. See United States Sentencing Guidelines Manual § 2D1.1(c)(1) (establishing a maximum base offense level of 38 for 8.4 kilograms or more of cocaine base); see also United States v. Davis, 587 F.3d 1300, 1303–04 (11th Cir. 2009). Wright challenges the amount of drugs attributable to him and the failure of the district court to account for his youth, but in determining eligibility for a reduction of sentence "all original sentencing determinations remain unchanged." United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000); see United States v. Cothran, 106 F.3d 1560, 1562–63 (11th Cir. 1997) (holding that a district court cannot reexamine its earlier finding of the quantity of drugs when applying a Sentencing Guideline retroactively to decide a motion to reduce a sentence).

We **AFFIRM** the denial of Wright's motion.