[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13144
Non-Argument Calendar
_____

D.C. Docket No. 3:99-cr-00046-RV-EMT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE JAMES GRIFFIN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 30, 2013)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Willie Griffin appeals pro se the denial of his motion for a further reduction

of his sentence.  18 U.S.C. § 3582(c)(2).  The district court ruled that Griffin was

not entitled to a further reduction under Amendment 750 after having already received a reduction of his sentence to the statutory minimum penalty of 240 months of imprisonment under Amendment 706.  We affirm.

Griffin challenges the denial of his motion for a further reduction of his sentence on two grounds.  First, Griffin argues that the district court that failed to address his arguments about drug quantity and Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), but a district court may not revisit any "original sentencing determinations."  United States Sentencing Guidelines § 1B1.10(b)(1); Dillon v. United States, 560 U.S. ___, 130 S. Ct. 2683, 2694 (2010).  The district court found that Griffin was responsible for 4.065 kilograms of cocaine base after Griffin withdrew his objection to that fact in his presentence investigation report. See United States v. Davis, 587 F.3d 1300, 1302–04 (11th Cir. 2009).  Griffin was ineligible for a further reduction of his sentence because was sentenced to a statutory minimum term of imprisonment.  See United States v. Mills, 613 F.3d 1070, 1074–79 (11th Cir. 2010).  Second, Griffin argues that he was entitled to a further reduction under the Fair Sentencing Act of 2010, but the Act "is not a guidelines amendment by the Sentencing Commission . . . [that can] serve as a basis for a . . . sentence reduction," and does not apply to Griffin because he was sentenced before it became effective on August 3, 2010.  United States v. Berry, 701 F.3d 374, 376–78 (11th Cir. 2012).

2

We **AFFIRM** the denial of Griffin's motion for a further reduction of his sentence.