[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13520
Non-Argument Calendar
_____

D.C. Docket No. 3:02-cr-00094-RV-MD-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LESLY ALEXIS,
a.k.a. "X",
a.k.a. X-Man,

Defendant-Appellant.
_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 20, 2013)

Before CARNES, MARCUS, and KRAVITCH, Circuit Judges.

PER CURIAM:

Lesly Alexis was convicted by a jury of conspiring to possess with intent to distribute more than 5 kilograms of powder cocaine and more than 50 grams of crack cocaine, in violation of 21 U.S.C. § 846.  The presentence investigation report concluded that Alexis was responsible for a total amount of 113.65 kilograms of crack cocaine, which made his base offense level 38.  See United States Sentencing Guidelines § 2D1.1(c)(1) (Nov. 2002).  At his sentence hearing in July 2003, Alexis challenged the drug quantity determination in the PSR, arguing that it was not supported by the evidence.  The district court overruled that objection and incorporated the PSR's drug quantity findings into Alexis' sentence.  The court applied a 2-level role enhancement and a 2-level enhancement for obstruction of justice, resulting in a total offense level of 42.  Alexis' criminal history category was I, which resulted in a guidelines range of 360 months to life imprisonment.  The court sentenced Alexis to 384 months imprisonment.

Alexis challenged the district court's drug quantity determination on appeal and we affirmed, holding that "the district court's determination that Alexis was responsible for in excess of 1.5 kilograms of cocaine base was not clearly erroneous."  See United States v. Alexis, 125 F. App'x 980 (11th Cir. 2004) (unpublished).[1]

---

[1] The United States Supreme Court granted certiorari and vacated and remanded for further consideration in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Alexis v. United States, 545 U.S. 1112, 125 S.Ct. 2927 (2005).  On remand, we affirmed Alexis'

In 2011 Alexis, acting pro se, filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), contending that Amendment 750 to the sentencing guidelines reduced his guidelines range. The district court denied that motion, concluding that Alexis was not eligible for a sentence reduction under § 3582(c)(2) because Amendment 750 did not lower his guidelines range. Alexis filed a motion for reconsideration, again arguing that Amendment 750 reduced his guidelines range. The district court denied that motion, noting that "[f]or purposes of Amendment 750, [the court] determine[s] that the actual quantity was more than 8.4 Kg, with the base offense level remaining at Level 38 and a Total Offense Level of 42." Alexis now appeals the denial of his § 3582(c)(2) motion.

Alexis contends that the district court impermissibly made new factual findings during his § 3582(c)(2) proceeding when it determined that his guidelines range was not actually lowered by Amendment 750 because he was held responsible for more than 8.4 kilograms of crack. He asserts that at his sentence hearing the district court found him responsible only for "1.5 kilograms or more." We disagree. At sentencing, the district court overruled Alexis' objection to the PSR's conclusion that he was responsible for 113.65 kilograms of crack, noting that "the quantities set out in the presentence investigation report are reasonable in light of all the evidence, and [the court] find[s] that the evidence was consistent

conviction and sentence. United States v. Alexis, 146 F. App'x 469 (11th Cir. 2005) (unpublished).

3

and mutually corroborating, to the extent that sizable quantities certainly in excess of one and a half kilograms or more of cocaine base required for guideline offense level of 38 have been established . . . ."  The court also expressly incorporated the PSR, including its drug quantity findings, into Alexis' sentence.

In adopting the drug quantity determinations set out in the PSR, the district court effectively found that Alexis was responsible for 113.65 kilograms of crack. See United States v. Davis, 587 F.3d 1300, 1302 (11th Cir. 2009) (concluding that "in adopting the facts in the PSI the sentencing court found Appellant was responsible for more than 4.5 kilograms, even though the court did not expressly specify the exact quantity in excess of 1.5 kilograms").  The court therefore did not make an impermissible new finding of fact in Alexis' § 3582(c)(2) proceeding when it determined that he was responsible for more than 8.4 kilograms of crack. See id. at 1303.[2]

**AFFIRMED.**

---

[2] Alexis also contends that on direct appeal of his sentence, this Court "held" that he was responsible for 1.5 kilograms of crack.  That is incorrect.  First, the opinion on which Alexis relies was later vacated by the Supreme Court.  Second, that decision held that "the district court's determination that Alexis was responsible for in excess of 1.5 kilograms of cocaine base was not clearly erroneous."  See United States v. Alexis, 125 F. App'x 980 (11th Cir. 2004) (unpublished) (emphasis added).

Alexis further contends that on direct appeal, the government argued that he was responsible for 1.5 kilograms of crack, and so the law of the case bars it from changing its position now.  That is also incorrect.  On direct appeal, the government argued generally that Alexis was responsible for over 1.5 kilograms of crack, which is not inconsistent with its later position that he was responsible for 113.65 kilograms.  Nor do government arguments alone establish the law of the case.