[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14969
Non-Argument Calendar
_____

D.C. Docket No. 1:93-cr-00150-LSC-PWG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL IVAN BREWSTER,
a.k.a. Mike,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(June 20, 2014)

Before HULL, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Michael Brewster appeals pro se the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  Brewster, who was convicted of use and possession of a firearm during and in relation to a drug trafficking crime as well as conspiracy and attempt to possess with intent to distribute cocaine and cocaine base, contends that because he was sentenced based on 1.5 kilograms of cocaine base his Guidelines range was lowered by Amendment 750, which revised the crack cocaine quantity tables to conform to the Fair Sentencing Act of 2010. *See* U.S.S.G. App. C, Amend. 750.  We review for abuse of discretion the district court's decision not to reduce a sentence under § 3582(c)(2).  *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (per curiam).

At Brewster's sentencing, the court adopted all factual statements found in Brewster's Presentence Investigation Report (PSR), including a statement attributing 4 kilograms of crack cocaine to the conspiracy, and gave Brewster a base offense level of 36.  The court's finding as to the amount of crack Brewster was responsible for is not reviewable in a § 3582(c) resentencing.  *See United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009) (per curiam) (noting that, in a § 3582(c) resentencing, district courts "must maintain all original sentencing determinations apart from the original Guidelines range" (internal quotation marks omitted)).

2

After Amendment 750, a defendant who is responsible for 2.8 to 8.4 kilograms of crack cocaine, receives a base offense level of 36—the same base offense level Brewster, whose conspiracy involved 4 kilograms of crack, originally received. U.S.S.G. § 2D1.1(c)(2). Because the amendment does not impact the applicable Guidelines range, the district court correctly denied Brewster's motion. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B) (noting that a § 3582(c) reduction is not authorized unless an amendment lowers a defendant's guideline range).

**AFFIRMED.**