[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11432
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00421-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AUGUSTIN SANCHEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 27, 2015)

Before ED CARNES, Chief Judge, TJOFLAT and WILSON, Circuit Judges.

PER CURIAM:

A district court sentenced Augustin Sanchez to life in prison after a jury convicted him of four counts relating to importing and distributing marijuana and cocaine.  Years later, Sanchez moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), arguing that an amendment to the federal sentencing guidelines called for a lower sentence in his case.  The district court denied Sanchez's motion, concluding that the amendment did not affect his guidelines range.  Because the district court correctly interpreted and applied the guidelines and our precedents regarding § 3582, we affirm.

After the jury convicted Sanchez, the probation office prepared a presentence investigation report (PSR) noting that federal agents had seized the equivalent of 124,674.6 kilograms of marijuana from Sanchez and his co-conspirators.[1]  Under the guidelines at the time, the base offense level for a defendant responsible for crimes involving the equivalent of at least 30,000 kilograms of marijuana was 38 — the highest base offense level under the guidelines.  See U.S.S.G. § 2D1.1(c)(1) (1995).  The PSR used that base offense level to calculate Sanchez's guidelines range, which was life in prison.  Although Sanchez objected to several aspects of the PSR, he did not object to the drug

---

[1] Specifically, the PSR found Sanchez was responsible for 573.2 kilograms of cocaine, which is the equivalent of 114,640 kilograms of marijuana, as well as 10,034.6 kilograms of marijuana.

2

quantity calculations.  The district court ultimately adopted the PSR's guidelines calculations and imposed a life sentence.

In 2014, almost two decades after Sanchez's sentencing, the United States Sentencing Commission approved Amendment 782, which amended the drug quantity table in U.S.S.G. § 2D1.1(c).  After Amendment 782, a base offense level of 38 applies only to drug offense defendants whose crimes involve the equivalent of at least 90,000 kilograms of marijuana.  Sanchez moved, under 18 U.S.C. § 3582(c)(2), to have his sentence reduced.  He argued that Amendment 782 "necessarily" lowered his guidelines range and that, because the jury had not made any findings about the specific drug quantities involved in Sanchez's crimes, the district court could not permissibly calculate his base offense level using the figures in the PSR.  Sanchez admitted that the PSR attributed the equivalent of 124,674.6 kilograms of marijuana to him, but insisted that he had objected before sentencing "to the drug type and quantity [it] attributed to him."  The record makes clear that Sanchez had not, in fact, objected to the PSR's conclusions about the drug types and quantities for which he was responsible.

The district court denied Sanchez's motion for a reduced sentence, noting that it had considered the motion, the policy statements in U.S.S.G. § 1B1.10, and the applicable factors from 18 U.S.C. § 3553(a).  Sanchez filed a motion for reconsideration, asking the court to either grant his motion or provide a more

thorough explanation of its reasons for denying the motion.  The court then filed an amended order denying Sanchez's motion for a reduced sentence and explaining that Sanchez was not entitled to a reduced sentence because, even after Amendment 782, his base offense level would be 38, the same as his base offense level had been when he was sentenced.  Because Amendment 782 did not affect Sanchez's guidelines range, the amended order concluded, it could not be the basis for a reduced sentence.

Sanchez challenges the denial of his motion for a reduced sentence, but the amended order is correct.  "A reduction in [a] defendant's term of imprisonment … is not authorized under 18 U.S.C. § 3582(c)(2) if … [an] amendment … does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).  For that reason, a district court properly denies a § 3582 motion where the uncontroverted drug quantity listed in the PSR establishes that the defendant would be subject to the same offense level even after a retroactive amendment to the guidelines.  United States v. Davis, 587 F.3d 1300, 1303–04 (11th Cir. 2009).  Sanchez did not object to the drug quantity findings in the PSR.  Those findings establish that he was subject to the same base offense level, 38, under the post-amendment guidelines as he was under the pre-amendment guidelines.  The district court thus properly denied Sanchez's motion.

4

Sanchez also argues that, in explaining that his offenses involved the equivalent of more than 90,000 kilograms of marijuana, the district court neglected to say which drugs — cocaine or marijuana — it was counting.  But a district court is not required to itemize in a sentencing order the types of drugs on which its sentencing determinations are based.  Furthermore, the PSR, which the district court adopted, is explicit about not only which drugs it counted, but also what quantities of those drugs it counted and how it counted them.

Finally, Sanchez argues that his indictment was insufficient because it failed to list the drug quantities he was charged with importing and distributing.  That argument is extraneous to the district court's decision in this case.  Accordingly, we lack jurisdiction to consider it.  See 18 U.S.C. § 3582(c); United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000).

To the extent Sanchez's appeal challenges the sufficiency of the indictment in his case, the appeal is **DISMISSED**.  The district court's order denying Sanchez's motion to reduce his sentence is **AFFIRMED**.

5