[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13578
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-20615-CMA-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMAS RIOS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 18, 2016)

Before JORDAN, JULIE CARNES and BLACK, Circuit Judges.

PER CURIAM:

Tomas Rios, a federal prisoner who was convicted of conspiracy to possess with intent to distribute at least five kilograms of cocaine, in violation of 21 U.S.C. § 846, appeals *pro se* the denial of his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Rios's motion was based on Amendment 782 to U.S.S.G. § 2D1.1, which lowered the base offense level for most drug offenses. Rios argues that the district court had authority to reduce his sentence.

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Amendment 782 provides for a two-level reduction in the base offense level for most drug offenses. U.S.S.G. App. C, amend. 782. Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The applicable policy statements, found in § 1B1.10, state that, while Amendment 782 is retroactively applicable, a reduction in the term of imprisonment is not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) & (d). In determining a defendant's applicable guideline range, the court leaves all other guideline application decisions intact. *Id.* § 1B1.10(b)(1).

The district court did not err in determining Rios was not eligible for a sentence reduction.  *See United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008) (reviewing *de novo* a district court's conclusion about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)).  At Rios's original sentencing, the district court adopted the presentence investigation report's (PSI) finding that his offense conduct involved 519.2 kilograms of cocaine, and Rios's factual proffer was consistent with that finding.  Also, Rios did not object to that amount in the PSI. *See United States v. Davis*, 587 F.3d 1300, 1303-04 (11th Cir. 2009) (affirming the district court's use of an unobjected-to drug quantity amount in the PSI in a § 3582(c)(2) proceeding).  That amount of cocaine, even after Amendment 782, still results in the same base offense level of 38, because it is above the 450-kilogram threshold necessary to trigger that base offense level.  *Compare* U.S.S.G. § 2D1.1(c)(1) (2006), *with* U.S.S.G. § 2D1.1(c)(1) (2014).  Thus, because Amendment 782 did not lower Rios's guideline range, the district court was without authority to reduce his sentence under 18 U.S.C. § 3582(c)(2).  U.S.S.G. § 1B1.10(a)(2)(B).

**AFFIRMED.**

3