[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16730
Non-Argument Calendar

_____

D.C. Docket No. 0:11-cr-60012-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTON WATKINS,
a.k.a. Anton Twan Watkins,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 26, 2017)

Before HULL, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Anton Watkins, proceeding *pro se*, appeals the district court's denial of his

motion to reduce his sentence, brought pursuant to 18 U.S.C. § 3582(c)(2) and

Amendment 599 to the Sentencing Guidelines.  The district court found that Watkins was not entitled to relief because the amendment was already in effect when Watkins was sentenced and, thus, he received whatever benefit may have been afforded by the amendment.  On appeal, Watkins argues that he is entitled to relief under Amendment 599, which directs that a weapons enhancement may not be applied to an underlying offense when the defendant has also received an 18 U.S.C. § 924(c) conviction, which provides separate punishment for the use or possession of a firearm in a violent crime.

We review *de novo* a district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines in a § 3582(c)(2) proceeding.  *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).  Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1).

Amendment 599 may serve, when applicable, as the basis for a sentence reduction.  *See* U.S.S.G. § 1B1.10(d).  Amendment 599 took effect on November 1, 2000.  U.S.S.G. App. C, Amend. 599.  Amendment 599 provides, in pertinent part, that where a defendant is convicted of an 18 U.S.C. § 924(c) offense for using a firearm during and in relation to a crime of violence or a drug trafficking crime,

the defendant cannot also receive an offense-level enhancement in the underlying offense for his use of a firearm during the commission of that offense. *Id.*; *see also United States v. Brown*, 332 F.3d 1341, 1344–45 (11th Cir. 2003).

We affirm the district court's denial of Watkins's § 3582(c)(2) motion because Amendment 599 does not apply to his guideline calculation and does not have the effect of lowering his guideline range. *See* 18 U.S.C. § 3582(c)(2). Amendment 599 took effect in November 2000, ten years before Watkins was sentenced in July 2011. *See* U.S.S.G. App. C., Amend. 599. Thus, Watkins was not "sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Accordingly, the district court correctly concluded that Watkins was ineligible for a sentence reduction based on Amendment 599, and we affirm.

**AFFIRMED.**

3