[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14559
Non-Argument Calendar

_____

D.C. Docket No. 7:18-cr-00190-LSC-TMP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STANLEY KEON WALKER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 18, 2019)

Before TJOFLAT, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

Stanley Keon Walker Jr. appeals his sentence of 120 months of imprisonment for possessing a firearm as a convicted felon. 18 U.S.C. § 922(g)(1). Walker argues that his sentence is substantively unreasonable. We affirm.

We review the reasonableness of a sentence under the deferential standard of abuse of discretion. *Gall v. United States*, 552 U.S. 38, 41 (2007). We determine whether the sentence was substantively reasonable by considering the totality of the circumstances. *Id.* at 51. A district court can abuse its discretion if it fails to consider relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The district court must impose "a sentence sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the crime, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *Id.* at 1196. The district court must also consider "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

The district court enjoys discretion to impose a sentence outside the guideline range when its justification is sufficiently compelling to support the degree of its variance. *Irey*, 612 F.3d at 1196. Although we must consider the

2

extent of the variance, we must give due deference to the district court's decision that the statutory sentencing factors justify the extent of the variance. *Gall*, 552 U.S. at 51. "District courts have broad leeway in deciding how much weight to give to prior crimes the defendant has committed." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1261 (11th Cir. 2015). The court may impose an upward variance if it concludes that a sentence within the guideline range would be insufficient in the light of a defendant's criminal history. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009); *United States v. Osorio-Moreno*, 814 F.3d 1282, 1288 (11th Cir. 2016) (affirming an above guideline sentence based on the defendant's extensive criminal history). We will not disturb a sentence unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks and citation omitted).

The district court did not abuse its discretion by varying upward 49 months from the high end of Walker's advisory guideline range of 57 to 71 months and sentencing him to 120 months of imprisonment. As the district court stated, Walker had, "in a very short period of time, a horrendous run of conduct . . . ." Officers discovered Walker's loaded firearm in the floorboard of the driver's side of a vehicle that he abandoned. Walker fled from his vehicle in an unsuccessful attempt

to evade arrest after he clipped one officer with his vehicle, struck another officer in the hip, and then sideswiped a patrol car to avoid being questioned about a reported gunfight in the area. And Walker committed his offense after having been convicted of obstructing government operations and while on probation for two convictions in Alabama for attempted murder.

Walker argues that the district court misstated the facts of his prior crimes of attempted murder, but we disagree. Walker's presentence report, the facts of which he did not dispute, stated that he drew a revolver during a party and fired at the ground, that he retrieved an assault rifle from his vehicle and began shooting, and that there were two gunshot victims at the scene and a third person discovered nearby with a gunshot wound in his thigh. *See United States v. Davis*, 587 F.3d 1300, 1303–04 (11th Cir. 2009) (deeming admitted facts in a presentence report that are not objected to by the defendant). Walker argues that the statement by the district court that he "shot . . three people, I believe," overstated the number of victims. But the record shows that the district court considered the victim count to be tentative and that it was focused on Walker's propensity for violence, not the exact number of his shooting victims.

The district court reasonably determined that the seriousness of Walker's offense, his disrespect for the law, his propensity for violence, his recidivism, and the danger he posed to the public warranted a lengthier sentence than what was

recommended under the guidelines. *See* 18 U.S.C. § 3553(a). The justifications the district court offered for sentencing Walker to the maximum statutory penalty for his crime were sufficiently compelling to support the upward variance. Walker's sentence is reasonable.

We **AFFIRM** Walker's sentence.

JORDAN, Circuit Judge, dissenting:

With respect, I dissent. As I read the transcript of the sentencing hearing, the district court believed that Mr. Walker had previously shot three people, *see* Sentencing Transcript at 7, and relied in part on that understanding to vary upwards to a 120-month sentence from an advisory guideline range of 57-71 months. But it turns out that Mr. Walker had shot two people, and not three. Because it is unclear whether the district court would have varied upward to the same degree had it known the correct facts about the prior shooting, I would vacate the 120-month sentence and remand for resentencing. *See Gall v. United States*, 552 U.S. 38, 51 (2007) (a court commits significant procedural error when it "select[s] a sentence based on clearly erroneous facts").