[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11780
Non-Argument Calendar
_____

D.C. Docket No. 3:05-cr-00159-TJC-MCR-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

RONALD ROBERT EVANS, SR.,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 3, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Ronald Evans, Sr. appeals the district court's order granting him a 1-month reduction to his 293-month total sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. He asserts that after he established his eligibility for a sentence reduction, the burden shifted to the Government to prove the quantity of cocaine base involved in the offense conduct, but the court erroneously assigned the burden of proving the drug quantity to him. He contends in the absence of a clear finding by the court as to the specific drug quantity at sentencing, the district court was required to err on the side of caution and find he was eligible for the greatest possible sentence reduction, which was a reduction of up to 53 months.  After review,[1] we affirm the district court.

## I.  BACKGROUND

When Evans was originally sentenced in 2007, Evans' base offense level was 38, based on the district court's finding the evidence from trial demonstrated Evans was responsible for a drug quantity of 1.5 kilograms or more of cocaine base.  After adding 4 levels for Evans' conviction for engaging in a continuing criminal enterprise, *see* U.S.S.G. § 2D1.5(a), Evans' total offense level was 42 and

---

[1] We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2), and for clear error the factual findings underlying those legal conclusions.  *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).

his criminal history category was I, resulting in a guideline range of 360 months to life imprisonment.  The district court sentenced Evans to 360 months' imprisonment.

In September 2008, this Court vacated Evans' sentence and remanded for resentencing in light of *Kimbrough v. United States*, 552 U.S. 85 (2007).  At resentencing, the district court addressed the *Kimbrough* issue as well as a *pro se* § 3582(c) motion filed by Evans, seeking a sentence reduction under Amendment 706.  Under Amendment 706, an offense must involve 4.5 kilograms or more (changed from 1.5 kilograms or more) of crack cocaine to result in a base offense level of 38.[2]  Reviewing the evidence at Evans' original sentencing, the district court found the record supported that Evans' drug quantity was more than 4.5 kilograms, making him ineligible for a sentence reduction under Amendment 706, and Evans' base offense level remained 38.  Nevertheless, under the discretion provided to it by *Kimbrough* to consider the "crack/powder disparity," the district court resentenced Evans to 293 months' imprisonment.

---

[2]  The base offense level of 38 did not contain an upper limit drug quantity, so a district court was required to find 1.5 kilograms or more (before Amendment 706), or 4.5 kilograms or more (after Amendment 706), of cocaine base for a base offense level of 38 to apply.

In his instant counseled § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 782,[3] Evans contended the 4.5 kilograms attributed to him at his 2009 resentencing controlled for purposes of determining his eligibility for relief.  Under the amended Sentencing Guidelines after Amendment 782, the base offense level for a conviction under 21 U.S.C. § 841(b)(1)(A) involving at least 2.8 kilograms but less than 8.4 kilograms of cocaine base is 34.  U.S.S.G. § 2D1.1(c)(3).  Thus, Evans argued, the 4.5 kilograms attributed to him at resentencing put him squarely in offense level 34.  Because Evans was convicted of engaging in a continuing criminal enterprise, his base offense level was then raised by 4.  *Id.* § 2D1.5(a).  Evans contended that with a criminal history category of I and a total offense level of 38, his amended guideline range was 240[4] to 293 months' imprisonment.

The Government responded that the district court's finding at resentencing that the offense involved *more than* 4.5 kilograms of cocaine base was insufficiently specific to allow the court to conclude that Amendment 782 lowered

---

[3] Amendment 782 provided a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c).  U.S.S.G. App. C, amend. 782.

[4] Although the guideline range is 235 to 293 months' imprisonment, the mandatory-minimum sentence for a defendant convicted of engaging in a continuing criminal enterprise is 240 months' imprisonment.  21 U.S.C § 848(a).  If the mandatory-minimum sentence is greater than the low end of the guideline range, the low end of the guideline range becomes the mandatory-minimum sentence.  U.S.S.G. § 5G1.1(c)(2).

Evans' base offense level to 34.  Under the amended Sentencing Guidelines after Amendment 782, the base offense level for a conviction under 21 U.S.C. § 841(b)(1)(A) involving at least 8.4 kilograms but less than 25.2 kilograms of cocaine base is 36.  *Id.* § 2D1.1(c)(2).  The Government urged the court to find Evans was responsible for at least 8.4, but less than 25.2, kilograms of cocaine base.  The Government argued that with a criminal history category of I, and a total offense level of 40, Evans' guideline range was 292 to 365 months' imprisonment.

The district court granted in part and denied in part Evans' § 3582(c)(2) motion.  The court noted that everyone agreed Evans was eligible for a 1-month reduction because he was responsible for less than 25.2 kilograms of cocaine base, and thus, the issue was whether he was eligible for a further reduction based on a finding that he was responsible for less than 8.4 kilograms of cocaine base.  The court stated, "[t]he problem in this case is that the Government did not prove by a preponderance of the evidence at sentencing that the drug weight was 8.4 kilograms or more, but [Evans] has failed to prove that it is less than this amount."  The court cited our decision in *United States v. Hamilton*, 715 F.3d 328, 341 (11th Cir. 2013) in stating that Evans bore the burden of proving he was entitled to a sentence reduction under the applicable guideline amendment.

5

The district court stated that Evans' argument that the court previously found he was responsible for 4.5 kilograms[5] ignored the fact the court found the offense involved "more than 4.5 kilograms."  After examining the sentencing and resentencing records, the district court could not determine Evans' drug quantity with enough specificity to determine the extent to which Amendment 782 lowered Evans' guidelines range.  Thus, following *Hamilton*'s instruction that "'at least [4.5] kilograms' is equally consistent with a finding of 8.4 kilograms or more and a finding of less than 8.4 kilograms," the district court found Evans was ineligible for a reduced base offense level of 34.  Instead, the district court found Evans was eligible for a reduced base offense level of 36, making his total offense level 40, rendering him eligible for a 1-month sentence reduction.  In its discretion, the

---

[5] Throughout Evans' original sentencing, resentencing, and § 3582(c)(2) motions,  Evans never offered a drug amount that he was responsible for, other than disputing the Government's amount.  At Evans' original sentencing, the Government argued the evidence supported Evans was responsible for 10.53 kilograms of cocaine base, but the district court never adopted that weight because it was concerned the Government's formula for determining the drug quantity was unreliable.  Evans argued against the 10.53-kilogram amount, but did not offer an alternative calculation.  Nevertheless, the district court found the evidence from trial demonstrated the drug quantity attributable to Evans was more than 1.5 kilograms, which was the necessary finding at the time to yield a base offense level of 38. On resentencing, in deciding Evans' first § 3582(c)(2) motion, the threshold for receiving relief was 4.5 or more kilograms, and the district court found the evidence at the original sentencing supported that Evans was responsible for 4.5 or more kilograms.  While Evans argued for a 1.5-kilogram amount at the resentencing based on the threshold at the original sentencing, he did not offer an exact amount.  Similarly, here, Evans argues for the 4.5-kilogram amount based on the district court's threshold at the resentencing, but does not offer any evidence from the record regarding drug quantity other than district court's resentencing finding.

district court determined that a 1-month reduction was appropriate, and reduced Evans' sentence on Count 1 from 293 to 292 months' imprisonment.

## II.  DISCUSSION

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  When the district court considers a § 3582(c)(2) motion, it must first recalculate the guideline range under the amended guidelines.  *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).  When recalculating the guideline range, the court can only substitute the amended guidelines and must keep intact all other guideline decisions made during the original sentencing.  *Id.*  A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers the guideline range that was calculated by the sentencing court prior to any departure or variance.  U.S.S.G. § 1B1.10, comment. (n.1(A)).  The court is prohibited from reducing a defendant's sentence to less than the minimum of the amended guideline range.  *Id.* § 1B1.10(b)(2)(A).

A § 3582(c)(2) proceeding does not constitute a *de novo* resentencing, and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Bravo*, 203 F.3d at 781.  A defendant has the burden of establishing that a

retroactive amendment actually lowered his guideline range. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

In *Hamilton*, we vacated the denial of a defendant's § 3582(c)(2) motion brought pursuant to Amendment 750[6] and remanded to the district court for an accurate determination of the defendant's original drug quantity. 715 F.3d at 339-41. We determined the district court's finding the defendant was responsible for "at least 1.5 kilograms" of cocaine base at the sentencing hearing was not specific enough to support any conclusion about whether the defendant was entitled to a reduction under Amendment 750. *Id.* at 340. In our instructions on remand, we directed the district court to determine "what drug quantity findings it made, either explicitly or implicitly, at Hamilton's original sentencing hearing." *Id.* We instructed the district court to examine the record to determine whether it made any other drug quantity findings that resolved the issue of whether Hamilton was responsible for more or less than 8.4 kilograms. *Id.*

Next, if the district court's original finding was limited to "at least 1.5 kilograms," we stated that finding was "not specific enough to support any conclusion about whether Amendment 750 lowered Hamilton's base offense level because 'at least 1.5 kilograms' is equally consistent with a finding of 8.4

---

[6] Amendment 750 raised to 8.4 kilograms (from 4.5 kilograms) the minimum amount of crack cocaine necessary to establish a base offense level of 38. *See Hamilton*, 715 F.3d at 336.

kilograms or more and a finding of less than 8.4 kilograms." *Id.* If the district court's findings were limited to "at least 1.5 kilograms," the court would have to go further and examine the entire record available at sentencing to see if it could make any further findings that would resolve the issue. *Id.* We instructed that the district court should not refer to any material that was not available at the original sentencing hearing. *Id.* We stated if the district court was unable to determine the drug quantity with enough specificity to allow it to determine whether Hamilton was eligible for a sentence reduction under Amendment 750, then Hamilton was ineligible for § 3582(c)(2) relief. Hamilton, as the movant, bore the burden of showing that his original guideline range would have been lower if Amendment 750 had been in effect at the time of his original sentencing, and if he could not make that showing, the court did not have authority to reduce Hamilton's guideline range. *Id.* at 340-41.

The district court did not err in concluding Evans was ineligible for a sentence reduction beyond the 1-month reduction he received. The court's prior drug quantity findings were insufficiently specific to show Evans' drug quantity was less than 8.4 kilograms of cocaine base. *See Hamilton*, 715 F.3d at 340. *Hamilton* makes no distinction between a movant having the burden to show he is entitled to a reduction under the Amendment and showing the extent of the reduction. To show he was eligible for a sentence reduction of up to 53 months,

Evans bore the burden to show the applicable quantity of cocaine base was at least 2.8 kilograms but less than 8.4 kilograms of cocaine base, resulting in an amended guideline range of 240 to 293 months' imprisonment.[7] *See id.* at 340-41; U.S.S.G. § 2D1.1(c)(3), 5G1.1(c)(2); 21 U.S.C. § 848(a). At Evans' 2009 resentencing, the court found the applicable drug quantity was "4.5 kilograms or more" of cocaine base. That finding is as compatible with a finding that Evans was responsible for less than 8.4 kilograms of cocaine base as it is with a finding that he was responsible for at least 8.4 kilograms of cocaine base. *See Hamilton*, 715 F.3d at 340. Importantly, as the movant with the burden, Evans has not pointed to any evidence from his sentencing that established a drug quantity of less than 8.4 kilograms, the court never made such a finding, and nothing in the record affirmatively suggests the attributable drug quantity was less than that amount. Therefore, because the court properly applied *Hamilton* and nothing in the record suggests the court clearly erred in finding the drug quantity was 4.5 kilograms or more of cocaine base, it did not err in concluding that Evans was eligible for only a 1-month reduction in his sentence. Accordingly, we affirm the district court.

**AFFIRMED.**

---

[7] We reject Evans' argument that *Hamilton*'s statement regarding the burden borne by a § 3582(c)(2) movant is *dicta*. *Hamilton*'s directions to the district court regarding the movant bearing the burden of showing his entitlement to a reduction were part of the instructions to the district court upon remand, were necessary to deciding the case, and were therefore not *dicta*. *See United States v. Eggersdorf*, 126 F.3d 1318, 1322 n.4 (11th Cir. 1997) (explaining language in an opinion not necessary to deciding the case then before the court is *dicta*).