[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11559
Non-Argument Calendar
_____

D.C. Docket No. 1:07-cr-00019-WLS-TQL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE JAMES REED,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 18, 2015)

Before MARCUS, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Eddie James Reed, a federal prisoner proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the United States Sentencing Guidelines.  On appeal, Reed contends that, although he is a career offender, he has been a model prisoner who should be able to benefit from recent amendments to the Sentencing Guidelines that lowered the base offense levels for drug offenses.  After careful review, we conclude that the district court was not authorized to grant § 3582(c)(2) relief because Reed is a career offender.  We therefore affirm.

Whether the district court is authorized to grant a sentence reduction under § 3582(c)(2) is a question of law reviewed *de novo*.  *See United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).  Under § 3582(c)(2), a district court may reduce a defendant's sentence where he is sentenced to a term of imprisonment based on a guideline range that subsequently has been lowered by the Sentencing Commission, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1)(a).  It is the policy of the Sentencing Commission that a sentence reduction is not authorized under § 3582(c)(2) when the retroactive guideline amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B).

2

Here, the district court properly denied Reed's § 3582(c)(2) motion for a sentence reduction. Amendment 782 revised the guidelines applicable to most drug offenses by reducing the base offense levels found in the drug-quantity table in § 2D1.1(c). U.S.S.G. app. C, Amend. 782. However, the total offense level of a career offender, such as Reed, is determined by § 4B1.1, the career-offender guideline, not § 2D1.1, the drug-offense guideline. As a result, Reed's sentence was based on a sentencing range produced by § 4B1.1, which, Reed acknowledges, has not been lowered by the Sentencing Commission. Thus, although Amendment 782 is applicable to Reed, a drug offender, the district court was not authorized to grant a reduction because the amendment did not have the effect of lowering his applicable guideline range under § 4B1.1. *See United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2009) ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence."); U.S.S.G. § 1B.10 cmt. n.1(A) (noting that § 3582(c)(2) does not authorize a sentence reduction where an amendment "is applicable to the defendant but . . . does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"); *see also United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012).

3

In short, Reed is ineligible for a sentence reduction under § 3582(c)(2) based on Amendment 782 because he was sentenced as a career offender.  We affirm the denial of his § 3582(c)(2) motion.

**AFFIRMED.**