[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13456
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60037-JIC-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY SIMON,
a.k.a. Sean Robinson,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 28, 2016)

Before WILLIAM PRYOR, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Troy Simon, proceeding *pro se*, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendment 782 of the Sentencing Guidelines.  After careful review, we affirm.

I.

Simon pled guilty to charges of (1) conspiracy to possess with intent to distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841 and 846 and (2) illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a) and (b)(2).  Because he pled guilty to a felony controlled substance offense and had two prior felony convictions for either a crime of violence or a controlled substance offense, Simon qualified as a career offender under § 4B1.1 of the Sentencing Guidelines.  At the time Simon entered into the plea agreement, both he and the government were aware that he qualified as a career offender under the guidelines.  The parties agreed to request a sentence in the range of 92 to 115 months' imprisonment, which was below the guidelines range.[1]

---

[1] In the plea agreement, Simon acknowledged that the district court was "under no obligation to impose a sentence that is below the advisory guidelines range."  Plea Agreement at 3 (Doc. 244).  The citation to "Doc." refers to the docket entry in the district court record in this case.

2

At sentencing, the district court considered Simon's career offender status, calculating his guidelines range as 188 to 235 months' imprisonment.[2]  The district court considered the parties' request for a sentence of 92 to 115 months, varied downward from the guidelines range, and imposed a sentence of 92 months' imprisonment.

Simon recently moved the district court to reduce his sentence under Amendment 782, which he argued reduced his base offense level.  The district court denied his motion, concluding that it lacked authority to resentence Simon because Amendment 782 did not change Simon's guidelines range, which was calculated based on his career offender status.  This is Simon's appeal.

## II.

We review *de novo* a district court's legal conclusions regarding its authority under the Sentencing Guidelines.  *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).

## III.

Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing

---

[2] The government asserts that if Simon did not have career offender status, his guidelines range, calculated based on the quantity of marijuana involved and his reentry offense, would have been 110 to 137 months' imprisonment.

3

Commission." 18 U.S.C. § 3582(c)(2); *see also* U.S.S.G. § 1B1.10(a)(1). "The purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines." *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012).

However, the grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) "are quite narrow." *United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012). For a defendant to be eligible for such a reduction, the Sentencing Commission must have amended the guideline at issue, that amendment must have lowered the defendant's sentencing range, and the amendment must also be listed in U.S.S.G. § 1B1.10(d), making it apply retroactively. *See Berry*, 701 F.3d at 376 (citing 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & cmt. n.1(A)).

The Sentencing Guidelines explain that the amendment must lower the "applicable guideline range," which is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to 1B1.1(a), which is determined before consideration of . . . any variance." U.S.S.G. § 1B1.10 cmt. n.1(a). Additionally, when a defendant's offense level was determined by career offender status under § 4B1.1 rather than the quantity of the drugs involved in an offense under § 2D1.1, the defendant is ineligible for a § 3582(c)(2) reduction based on a subsequent amendment to the offense levels in § 2D1.1. This is

4

because the amendment would not lower the sentencing range upon which the defendant's sentence was based. *See United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008).

The district court committed no error in denying Simon a sentence reduction based on Amendment 782. Amendment 782 reduced the base offense level for most drug sentences calculated pursuant to the Drug Quantity Table, U.S.S.G. § 2D1.1(c). U.S.S.G. App. C., amend. 782. Amendment 782 is listed in § 1B1.10(d), making it apply retroactively. U.S.S.G. § 1B1.10(d). Thus, Amendment 782 may serve, when applicable, as the basis for a sentence reduction. The problem for Simon is that Amendment 782 did not lower his applicable guidelines range, which was calculated using the offense level for career offenders set forth § 4B1.1, not the offense level for drug quantity set forth in § 2D1.1(c).

Simon argues that he was not sentenced as a career offender because the district court varied downward from the guidelines range the court calculated based on § 4B1.1. It is immaterial, however, that after calculating the sentencing range based on Simon's career offender status, the district court varied downward substantially in imposing Simon's sentence. The advisory guidelines range at issue in a § 3582(c)(2) proceeding is the range determined *prior to* any departures or variances by the district court. *See* U.S.S.G. § 1B1.10 cmt. n.1(a). Accordingly, we conclude that Simon is ineligible for relief under § 3582(c)(2).

5

IV.

Because the district court lacked authority to reduce Simon's sentence under

§ 3582(c)(2), we affirm the district court's denial of Simon's motion.

**AFFIRMED.**