[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12172
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20388-JAL-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE BARRAGAN MEJIA,
a.k.a. Jota,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 29, 2016)

Before HULL, MARCUS, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jorge Barragan Mejia appeals the district court's denial of his motion to reduce his sentence. *See* 18 U.S.C. § 3582(c)(2). Mejia moved to reduce his sentence based on Amendment 782 to the United States Sentencing Guidelines, a retroactive amendment that reduced the base offense levels for drug offenses such as the one Mejia committed. The district court denied his motion, concluding that Amendment 782 did not lower his amended guideline range based on the amount of cocaine (13,000 kilograms) for which Mejia was held responsible at his original sentencing. On appeal, Mejia argues that he is eligible for a sentence reduction because the district court's original drug-quantity finding was limited to only 150 kilograms or more of cocaine, and that no facts support the 13,000 kilogram quantity. After careful review, we affirm.

## I.

Mejia pled guilty to conspiring to import cocaine into the United States. *See* 21 U.S.C. §§ 959(a)(2) & 963. In a factual proffer executed with the plea agreement, Mejia admitted that the conspiracy involved the importation of multi-hundred-kilogram quantities of cocaine from South America into the United States. Mejia facilitated the conspiracy by brokering aircrafts that would be used to transport drugs from Venezuela to Central America.

An initial presentence investigation report ("PSR") found that Mejia was responsible for at least 150 kilograms or more of cocaine, which, under the 2012

Sentencing Guidelines Manual, yielded a base offense level of 38, the highest base offense level applicable to his offense.    United States Sentencing Guidelines Manual ("U.S.S.G") § 2D1.1(a)(5), (c)(1) (2012).  According to paragraph 6 of the PSR, Mejia and his codefendants conspired to import approximately 13,000 kilograms of cocaine over the course of the conspiracy.  Among other objections to the PSR, Mejia asserted that the 13,000 kilogram amount overstated the quantity involved because the "amount [was] based on intercepted conversations concerned with attempts to find planes for the same drugs, however no deal was reach[ed] with a particular plane holder and conversations would continue with other individuals to transport the same drugs."  An addendum to the PSR reflects that the objection remained unresolved.    The PSR was revised before the sentencing hearing, but no material changes were made to paragraph 6.

At Mejia's sentencing hearing, the district court noted that Mejia had filed objections to the PSR before its revision, and the court asked whether there were any outstanding objections needing resolution.  Mejia did not raise the issue of drug quantity.  Instead, Mejia's counsel responded that "the only thing pending" after the revised PSR "was a matter of his actual arrest date and . . . whether he qualified for safety valve."  The court addressed the outstanding objections by changing the arrest date and applying the safety-valve reduction.  Thereafter, the

3

court "adopt[ed] the factual findings and guideline applications as contained in the revised advisory presentence investigation report as modified at this hearing."

As modified by the court, the revised PSR calculated Mejia's guideline range to be 135 to 168 months of imprisonment. Mejia's base offense level was 38 because the offense involved 150 kilograms or more of cocaine, U.S.S.G. § 2D1.1(c)(1) (2012). After a two-level reduction for safety-valve relief, *id.* §§ 2D1.1(b)(16) & 5C1.2 (2012), and a three-level reduction for acceptance of responsibility, *id.* § 3E1.1 (2012), Mejia's total offense level was 33. Mejia was assigned zero criminal history points, placing him into criminal-history category I.

The district court then asked the parties their views on an appropriate sentence. The government requested that Mejia's sentence be reduced to 108 months to account for his substantial assistance, pursuant to U.S.S.G. § 5K1.1. For his part, Mejia requested a downward variance to 81 months of imprisonment.

The district court addressed the 18 U.S.C. § 3553(a) factors and denied Mejia's request for a downward variance, observing that

> the relevant conduct contained in the revised advisory [PSR] revolves around interceptions, surveillance and confidential source information regarding the members of a drug-trafficking organization which agreed to use airplanes to transport narcotics to Central America and ultimately to the United States.
>
> And this Defendant . . . during the course of the conspiracy, along with Co-Defendants, aided in the purchase and/or lease of aircrafts that were to be used for

4

the transportation of narcotics. During intercepted conversations, this Defendant and Co-Defendants discussed the use of aircrafts to transport narcotics, the cost of aircrafts, the routes from Venezuela to Central America and ultimately to the United States.

The relevant conduct goes on to state that this Defendant, along with Co-Defendants, received payments from the successful shipments of narcotics from Colombia and Venezuela to Central America and ultimately to the United States.

During the course of the conspiracy, from October 2010 to June 2011, this Defendant and Co-Defendants conspired to import to the United States approximately 13,000 kilograms of cocaine.

The court further stated, "Here, we have a Defendant who is 56 years old, who has studied law, who was responsible for 13,000—was it 13,000?— 13,000 kilograms of cocaine in the relevant conduct and who received payments for the transportation of the narcotics." At no point did Mejia object to the court's references to the 13,000 kilogram amount.

Ultimately, the district court granted the government's motion for a § 5K1.1 sentence departure and imposed a sentence of 108 months of imprisonment. At the end of the hearing, the court asked for any objections to its finding of facts or conclusions of law or to the manner in which the sentence was imposed. Mejia responded that he had no objections.

In January 2014, the district court reduced Mejia's sentence to 65 months to account for substantial assistance Mejia provided to the government in investigating and prosecuting others. *See* Fed. Crim. P. 35(b).

Later in 2014, the U.S. Sentencing Commission promulgated Amendment 782, which lowered by two levels the base offense level for most of the offenses covered by the drug-quantity table in § 2D1.1(c). This amendment became retroactive in November 2014. In March 2015, Mejia moved to reduce his sentence based on Amendment 782. The district court appointed the Federal Public Defender to represent Mejia.

The government responded that Mejia was ineligible for a sentence reduction because, based on the sentencing court's drug-quantity finding (13,000 kilograms of cocaine), Amendment 782 did not lower Mejia's base offense level or his amended guideline range. Mejia replied, through counsel, that the sentencing court found only that he was responsible for at least 150 kilograms of cocaine, and that the court's statements that he was responsible for 13,000 kilograms of cocaine were "passing comments" not made in the context of determining the precise drug quantity attributable to him. Mejia also argued that the government did not submit evidence that linked him to 13,000 kilograms of cocaine.

The district court denied Mejia's § 3582(c)(2) motion, finding that "there is no change to the advisory guideline range based upon the application of the

revised, retroactive guideline and the quantity of drugs for which the Defendant was held accountable at sentencing: 13,000 kilograms of cocaine."

## II.

We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2), and we review the factual findings underlying those legal conclusions for clear error. *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).

A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction must be consistent with the Sentencing Commission's policy statements. *Id.* A reduction is not consistent with the policy statement governing sentence reductions if the amendment does not have the effect of lowering the defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The "applicable guideline range" is the range "determined before consideration of any departure provision in the Guidelines Manual or any variance." *Id.* § 1B1.10, cmt. n.1(A). A § 3582(c)(2) proceeding does not constitute a *de novo* resentencing, and "*all* original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000).

7

Mejia argues that the district court clearly erred in finding that he had been held responsible for 13,000 kilograms of cocaine at his original sentencing.  He contends that the court's original drug-quantity finding was limited to 150 kilograms of more of cocaine, which corresponds to base offense level 36 under Amendment 782.  There is no dispute that 13,000 kilograms of cocaine would make Mejia ineligible for a sentence reduction because, after substituting Amendment 782 into his guideline calculations, Mejia's base offense level would remain at 38, and his amended guideline range would stay the same.  *See* U.S.S.G. § 2D1.1(c)(1) (2014) (base offense level 38 corresponds to 450 kilograms or more of cocaine).

The district court did not clearly err in finding that the amount of cocaine for which it had held Mejia responsible rendered him ineligible for § 3582(c)(2) relief. At the original sentencing hearing, the district court explicitly adopted the factual findings of the revised PSR, which included the 13,000 kilogram figure.  The court then twice expressly stated that Mejia was responsible for 13,000 kilograms of cocaine as relevant conduct, relying on that finding as a reason to deny Mejia's request for a downward variance.  We disagree that these statements were mere "passing comments" or something other than a factual finding.  And based on these statements, the district court permissibly concluded that its original drug-quantity finding was 13,000 kilograms of cocaine.  *See United States v. Hamilton*, 715 F.3d

8

328, 339-40 (11th Cir. 2013) (courts addressing § 3582(c)(2) eligibility should determine what drug-quantity findings were made, explicitly or implicitly, at original sentencing hearing).

Further, the district court was permitted to rely on the 13,000 kilogram figure from the PSR because it was effectively undisputed and it was adopted by the sentencing court.  In a § 3582(c)(2) proceeding, a court may base factual findings on statements in the PSR that were not objected to by the defendant and were adopted by the sentencing court.  *See Davis*, 587 F.3d at 1303-04 (holding that the original sentencing court's adoption of the PSR's factual finding that the offense involved at least 8 kilograms of crack cocaine rendered the defendant ineligible for relief under Amendment 706, even though the sentencing court originally had not specified an exact quantity in excess of 1.5 kilograms of crack cocaine).  "Facts contained in a [PSR] are undisputed and deemed to have been admitted unless a party objects to them before the sentencing court with specificity and clarity."  *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009) (11th Cir. 2009) (internal quotation marks omitted).

Although Mejia initially objected to paragraph 6 of the PSR, from which the 13,000 kilogram amount was derived, he did not raise that issue clearly and specifically at the sentencing hearing.  *See id.*; *Davis*, 587 F.3d at 1303-04.  In fact, Mejia affirmatively represented to the court at the beginning of the hearing that the

9

only remaining objections were to issues other than drug quantity. The sentencing court explicitly adopted the factual statements of the PSR, including that the conspiracy involved 13,000 kilograms of cocaine. Then, Mejia failed to object when the court cited that figure as part of its explanation for denying Mejia's request for a downward variance, nor did he raise the issue at the end of the hearing when asked by the court for any other objections. By failing to raise the issue to the sentencing court with clarity and specificity, and implicitly representing that drug quantity was no longer in dispute, Mejia is deemed to have admitted the PSR's statements that the conspiracy involved 13,000 kilograms of cocaine. *See Beckles*, 565 F.3d at 844. In light of that admission, the government did not need to present evidence to substantiate the drug quantity.

Because the original sentencing court explicitly stated that Mejia was responsible for 13,000 kilograms of cocaine at his original sentencing, based on a statement in the PSR that Mejia is deemed to have admitted, the district court, in denying his § 3582(c)(2) motion, did not clearly err in finding that Mejia originally was held accountable for 13,000 kilograms of cocaine. *See Davis*, 587 F.3d at 1303-04; *see also Hamilton*, 715 F.3d at 340-41. As a result, the court properly found that Mejia was not eligible for § 3582(c)(2) relief because Amendment 782 did not have the effect of lowering his base offense level or his amended guideline range. *See* U.S.S.G. § 1B1.10(a)(2)(B). The district court did not need to consider

10

the § 3553(a) sentencing factors because a court is without discretion to reduce a sentence if a defendant is not eligible for a reduction. *See United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) ("Given that his sentencing range did not change, the district court correctly recognized that it had no authority under § 3582(c)(2) to reduce his sentence and that it did not need to examine the 18 U.S.C. § 3553(a) factors.). Accordingly, we affirm the district court's denial of Mejia's § 3582(c)(2) motion.

**AFFIRMED.**