[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11768
Non-Argument Calendar

_____

D.C. Docket No. 1:11-cr-20536-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS PAULINO,
a.k.a. Jose Carlos Paulino,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 18, 2016)

Before TJOFLAT, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Juan Paulino appeals from the district court's denial of his 18 U.S.C. §

3582(c)(2) motion for a reduction in sentence.  Paulino was originally sentenced to

the statutory mandatory minimum of 60 months' imprisonment after a conviction for conspiracy to import 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 952(a), 960(b)(2)(G), and 963.  On appeal, he argues that he is eligible for a reduction because: (1) Amendment 782 of the Sentencing Guidelines applies to him; and (2) the district court erred in finding that the government had not made a motion under 18 U.S.C. § 3553(e) authorizing the court to reduce his sentence below the statutory mandatory minimum.  After careful review, we affirm.

We review de novo a district court's legal conclusions about the Sentencing Guidelines and the scope of its authority under 18 U.S.C. § 3582(c)(2), and review for clear error the underlying factual findings.  United States v. Davis, 587 F.3d 1300, 1303 (11th Cir. 2009).  Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"  18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1).  "The purpose of § 3582(c)(2) is to give a defendant the benefit of a retroactively applicable amendment to the guidelines . . . But [a defendant] is not to receive a lower sentence than he would have received if the amendment had been in effect at the time of his sentencing."  United States v. Glover, 686 F.3d 1203, 1206 (11th Cir. 2012); see also United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir. 2013)

2

("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence.").

The grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow. United States v. Berry, 701 F.3d 374, 376 (11th Cir. 2012). For a defendant to be eligible for such a reduction, the Sentencing Commission must have amended the guideline at issue, that amendment must have lowered the defendant's applicable sentencing range, and the amendment must also be listed in U.S.S.G. § 1B1.10(d). See 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (n.1(A)). The applicable guideline range is a defendant's guideline range before any departures or variances. U.S.S.G. § 1B.10 comment. (n.1(A)).

Amendment 782 may serve, when applicable, as the basis for a sentence reduction. See U.S.S.G. § 1B1.10(d). Effective November 1, 2014, Amendment 782 provides a two-level reduction in base offense levels for most drug quantities listed in § 2D1.1(c). U.S.S.G. App. C, amend. 782.

A statutory mandatory minimum term of five years' imprisonment exists for defendants convicted of crimes under 21 U.S.C. § 952(a). 21 U.S.C. § 960(a), (b)(2). A district court can impose a sentence below a statutory minimum after the government authorizes it via a § 3553(e) substantial assistance motion. Melendez v. United States, 518 U.S. 120, 125-30 (1996). However, a § 5K1.1 substantial

assistance motion cannot, on its own, permit a departure below a statutory minimum. Id.

In this case, the district court did not err in denying his § 3582 motion for a reduction in sentence. As the record shows, the district court did not clearly err in its factual finding that the government did not make a § 3553(e) motion authorizing a departure below the statutory mandatory minimum. The record supports the district court's conclusion that the motion was made only pursuant to § 5K1.1, authorizing only a departure below the Guidelines minimum; indeed, the record reflects that neither the government nor the sentencing court mentioned § 3553(e) during sentencing, but they did specifically refer to § 5K1.1. Thus, even if Amendment 782 had been in effect at the time of Paulino's sentencing and even if it lowered his applicable guideline range, the lowest sentence available was the one he received after the § 5K1.1 departure -- 60 months. Because a defendant cannot receive a lower sentence than he would have received if the amendment had been in effect at the time of the original sentencing, the district court did not err in concluding that no further reduction was available.

**AFFIRMED**.

4