[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14934
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00361-HES-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSBORNE COCKETT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 19, 2016)

Before MARCUS, WILLIAM PRYOR and JULIE CARNES, Circuit Judges.

PER CURIAM:

Osborne Cockett, appealing pro se, appeals the district court's denial of his

18 U.S.C. § 3582(c)(2) motion for a sentence reduction.  On appeal, Cockett

argues that, despite his career-offender designation, he is eligible for a reduction

because the district court fashioned his sentence based on his non-career-offender guideline range.  After careful review, we affirm.

We review <u>de novo</u> the district court's legal conclusions regarding the scope of its authority under 18 U.S.C. § 3582(c)(2) and for clear error the factual findings underlying those legal conclusions.  <u>United States v. Davis</u>, 587 F.3d 1300, 1303 (11th Cir. 2009).  Pursuant to § 3582(c)(2), a district court may reduce a defendant's term of imprisonment if: (1) the defendant's sentence was based upon a guideline range that the Sentencing Commission subsequently lowered; and (2) a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  A reduction is not consistent with the Guidelines' policy statement if the amendment does not have the effect of lowering the defendant's applicable guideline range.  U.S.S.G. § 1B1.10(a)(2)(B).  The "applicable guideline range" is the range "determined before consideration of any departure provision in the Guidelines Manual or any variance."  <u>Id</u>. § 1B1.10, comment. (n.1).  "[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." <u>Stinson v. United States</u>, 508 U.S. 36, 38 (1993).

In order to obtain a reduction in a term of imprisonment based on an amendment to the Sentencing Guidelines, the relevant amendment must be listed in

2

§ 1B1.10(d). <u>See</u> U.S.S.G. § 1B1.10(a)(1). Amendment 782 -- which is listed in § 1B1.10(d) -- therefore may serve as the basis for a sentence reduction. <u>Id</u>. § 1B1.10(d). Amendment 782 reduced by two levels the base offense levels that apply to most drug offenses in § 2D1.1. <u>See</u> U.S.S.G. App. C, Amend. 782 (2014).

We've explained that § 3582(c)(2) only authorizes a reduction to sentences that were "based on" sentencing ranges that were subsequently lowered. <u>United States v. Moore</u>, 541 F.3d 1323, 1327 (11th Cir. 2008). Thus, because the defendants in <u>Moore</u> were sentenced as career offenders under § 4B1.1, they were ineligible for relief, since only their base offense levels, but not their guideline ranges, were impacted by the retroactive guideline amendment. <u>Id</u>. at 1327-30.

In this case, the district court did not have the authority to reduce Cockett's sentence pursuant to § 3582(c)(2). Section 3582(c)(2) allows a sentence reduction <u>only</u> if it is consistent with the applicable policy statement of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). The policy statement in § 1B1.10 requires a court to determine the amended guideline range that would have been applicable to the defendant if the amendment had been in effect at the time of sentencing. U.S.S.G. § 1B1.10(b)(1). In Cockett's case, that range is the career offender range. Therefore, regardless of whether the district court based Cockett's final variant sentence, in part, on the guideline range that would have been applicable if he was not a career offender, Cockett is a career offender and the guideline range

applicable to Cockett has not been reduced by Amendment 782. U.S.S.G. § 1B1.10(a)(2)(B).

As for Cockett's reliance on Freeman v. United States, 564 U.S. 522 (2011), we are unpersuaded. There, a four-justice plurality of the Supreme Court concluded that a defendant sentenced pursuant to a particular sentencing recommendation in his Fed. R. Crim. P. 11(c)(1)(C) plea agreement typically would still be eligible for relief under § 3582(c)(2). The plurality reached this conclusion on the ground that, before a district court imposes a recommended sentence, it is required to consider whether the sentence is reasonable in light of the applicable guideline range. See Freeman, 564 U.S. at 530-34. In a concurring opinion, however, Justice Sotomayor noted that, typically, a defendant sentenced pursuant to a particular sentencing recommendation in his plea agreement is not eligible for relief under § 3582(c)(2) because the recommended sentence is based on the agreement itself, and not on the applicable guideline range. Id. at 534. She recognized, on the other hand, that where an agreement expressly uses the guideline range applicable to the charged offense to establish the term of imprisonment, the term of imprisonment is based on the guideline range. In those cases, she concluded, the defendant would be eligible for relief under § 3582(c)(2). Id. We've said that this narrower concurring opinion can be viewed as the holding of Freeman. United States v. Lawson, 686 F.3d 1317, 1321 n.2 (11th Cir. 2012).

4

Regardless of its precise holding, we've made clear that <u>Freeman</u> did not overrule <u>Moore</u>. <u>Id</u>. We've also held that <u>Freeman</u> is inapplicable to the issue of whether a district court has authority to reduce a sentence in the case of a defendant sentenced as a career offender. <u>Id</u>. at 1320-21. <u>Freeman</u>, therefore, did not alter the analysis we use in cases like Cockett's. <u>See</u> <u>id.</u> Accordingly, he is not entitled to relief under § 3582(c)(2), and we affirm.

**AFFIRMED**.