[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16234
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cr-60225-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY GRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 29, 2017)

Before MARTIN, ANDERSON and BLACK, Circuit Judges.

PER CURIAM:

Rodney Graham, proceeding pro se, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction. On appeal, Graham argues that he is eligible for a sentence reduction because the district court varied downward below the career-offender range, and thus, his sentence was based on § 2D1.1 of the Guidelines rather than the career-offender designation. As a result, Graham asserts, when Amendment 782 lowered the ranges in § 2D1.1, he became entitled to a sentence reduction. Graham also contends *Freeman v. United States*, 564 U.S. 522 (2011) permits the district court to reduce his sentence. After review,[1] we affirm.

As Graham accurately observes, Amendment 782 reduced by two levels the base offense levels that apply to most drug offenses in § 2D1.1. *See* U.S.S.G. app. C, amend. 782. According to § 3582(c)(2), a district court may reduce a defendant's term of imprisonment if the defendant's sentence was based upon a Guideline range that the Sentencing Commission subsequently lowered. However, as the district court recognized, Graham's Guidelines range would not have been lowered by Amendment 782 because his sentence was determined based on his career-offender status, which the Amendment did not change. We have precedent directly on point that supports the district court's conclusion. *United States v.*

---

[1] We review *de novo* the district court's legal conclusions regarding the scope of its authority under § 3582(c)(2) and for clear error the factual findings underlying those legal conclusions. *United States v. Davis*, 587 F.3d 1300, 1303 (11th Cir. 2009).

*Moore,* 541 F.3d 1323, 1327 (11th Cir. 2008) (holding that where an amendment to the Guidelines reduced the defendant's base offense level but the defendant's total offense level was unchanged before and after the amendment as a result of the career-offender Guideline, § 3582(c)(2) relief was unavailable). And contrary to Graham's suggestion, that precedent remains intact after *Freeman. United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012) ("*Moore* remains binding precedent because it has not been overruled."). Accordingly, Graham is not entitled to relief pursuant to § 3582(c)(2).

**AFFIRMED.**